**Affirmed and Memorandum Opinion filed August 11, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00851-CV

### SANDEEP PATEL AND AMAN JAFAR, M.D., Appellants

### V.

### ZAKI MOIN, M.D., Appellee/Cross-Appellant

### V.

### ANIL ODHAV, M.D. AND SOHAIL NOOR, M.D., Cross-Appellees

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-44121**

## MEMORANDUM OPINION

Sandeep Patel and Aman Jafar, M.D., challenge the trial court's judgment confirming an arbitration award in favor of Zaki Moin, M.D. Patel and Jafar contend the trial court erred because the arbitrator exceeded her authority by

awarding damages that were not encompassed by the parties' arbitration agreement. Finding no error, we affirm.

## BACKGROUND

Patel, Jafar, and Moin formed Curative Health Concepts, LLC in March 2010 to operate a facility providing medical care to mentally ill patients. Moin is a board certified psychiatrist; Jafar is an internal medicine specialist; and Patel is a businessman. The three agreed that Moin would treat patients; Jafar would provide physicals and attend to the patients' internal medicine needs; and Patel would provide financial support for Curative Health.

Patel, Jafar, and Moin signed an Operating Agreement in March 2010 and became "members" of the LLC. This agreement governed various aspects of Curative Health's operations including its business purpose, its principal place of business, capital contributions, and management terms. This agreement also contains an arbitration clause. It states: "Upon the request of a Member pursuant to this Section 22.14, all claims and controversies arising out of or in connection with this Agreement shall be subject to binding arbitration by a single arbitrator in accordance with the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration." Each member invested $5,000 in capital. Patel loaned Curative Health an additional $200,000 to "jump-start its operations."

Curative Health began treating patients in June 2010 and sought to obtain Medicare certification to operate as a long-term acute care facility; ultimately, it failed to obtain the certification necessary to receive Medicare reimbursement. In late 2010, Curative Health contracted with St. Michael's Hospital, in which Patel and Jafar owned an interest; this contract allowed Curative Health to bill and treat patients under St. Michael's Hospital's Medicare certification. St. Michael's

2

eventually lost this certification. Curative Health failed in January 2011 and St. Michael's failed in April 2011.

Moin sued Patel and Jafar in July 2011 asserting claims including breach of fiduciary duty and breach of the Operating Agreement. Moin asserted that Patel and Jafar breached a fiduciary duty by inducing Curative Health to contract with a hospital in which Patel and Jafar had an ownership interest. Moin contended Patel and Jafar did not disclose (1) the true financial condition of St. Michael's; (2) that Medicare had revoked the long-term acute care facility designation of St. Michael's; and (3) that St. Michael's was involved in other litigation. Moin claimed he would not have agreed to the contract with St. Michael's had he known of these facts. Moin further asserted that Patel and Jafar breached the Operating Agreement by (among other things) using Curative Health's employees and physical assets to benefit St. Michael's.

Moin also sued Anil Odhav, M.D., Sohail Noor, M.D., Chandresh Patel, Irfan Iftikhar, M.D., and St. Michael's. Noor, Odhav, and Iftikhar owned an interest in St. Michael's. Chandresh Patel was the CEO of St. Michael's. Moin contended that Odhav, Noor, Chandresh Patel, and Iftikhar conspired to deprive Moin of financial benefits due to him as a member of Curative Health.

After the lawsuit was underway, the parties signed a one-page "Agreement for Binding Arbitration" that included Odhav and Noor.[1] The Agreement for Binding Arbitration did not name Chandresh Patel and St. Michael's as parties who were agreeing to arbitration. Iftikhar eventually was dismissed from the lawsuit shortly before the arbitration began.

---

[1] The arbitration clause in section 22.14 of the Operating Agreement did not apply by its express terms to Odhav and Noor because they were not parties to the Operating Agreement. Only Patel, Jafar, and Moin signed the Operating Agreement.

The arbitration hearing was held in July 2014. The arbitrator signed a 12-page written Arbitration Award on February 10, 2015, in which she determined that Patel and Jafar breached their fiduciary duty to Moin and breached the Operating Agreement. The arbitrator determined that Moin's claimed breach of fiduciary duty damages, consisting of one-third of Curative Health's alleged lost profits of $3,900,000 during a three-year period, were "too speculative for Moin to recover any damages for the breach of fiduciary duty." The arbitrator stated, "[Curative Health] was a new business without a track record of profitability."

In regards to Moin's breach of contract claim, the arbitrator stated as follows:

> Moin alleges St. Michael's generated $888,731.00 of revenue and $420,219.00 of net profit over 4 months using [Curative Health's] employees, information, vans, computers, protocols and criteria. One-third of this amount is $140,073.00.

> Moin further argues the amount should be annualized to total $1,260,656.00. He argues his one[-]third of the alleged net annual profit due to [Curative Health's] assets would be $420,219.00. He seeks this amount from [Patel and Jafar]. The annualized amount is too speculative. [Curative Health], a start[-]up venture, failed, and St. Michael's also failed.

> However, I find Moin has demonstrated [Patel and Jafar] breached the contract. [Patel and Jafar] jointly and severally owe damages to Moin of $140,073.00.

The arbitrator also awarded Moin $150,810.90 as reasonable attorney's fees for prevailing on his breach of contract claim. The arbitrator found that Moin's claims against Odhav and Noor were groundless and brought in bad faith; therefore, she determined that Odhav and Noor should recover their arbitration costs and reasonable attorney's fees from Moin.

The trial court denied Patel's and Jafar's motion to vacate the award and signed a final judgment confirming the award on September 25, 2015. Patel and Jafar timely appealed and now challenge the award in favor of Moin. On cross-appeal, Moin challenges the arbitration award in favor of Odhav and Noor.

## STANDARD OF REVIEW

We review a trial court's decision to confirm or vacate an arbitration award under a *de novo* standard of review. *D.R. Horton–Tex., Ltd. v. Bernhard*, 423 S.W.3d 532, 534 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). "Review of an arbitration award is 'extraordinarily narrow.'" *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 841 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (quoting *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.)). Review of arbitration awards is purposefully narrow because policy considerations favoring resolution by arbitration leave little room for appellate challenges. *See, e.g.*, *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 406 (1967); *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010).

An arbitration award has the same effect as a judgment of last resort, and all reasonable presumptions are indulged in favor of the award. *Amoco D.T. Co.*, 343 S.W.3d at 841. "A party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacatur." *Id.*

All parties in this appeal acknowledge that they agreed to arbitrate. Patel and Jafar contend the arbitrator awarded a form of relief to Moin that exceeds the scope of arbitrable issues under the Agreement for Binding Arbitration.

Arbitrators derive their power and authority from the parties' arbitration agreement; therefore, an arbitrator's power and authority depends on the provisions

5

under which the arbitrator was appointed. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 90 (Tex. 2011); *IQ Holdings, Inc. v. Villa D'Este Condo. Owner's Assoc., Inc.*, No. 01–11–00914–CV, 2014 WL 982844, at *4 (Tex. App.—Houston [1st Dist.] Mar. 13, 2014, no pet.).

Arbitrators exceed their authority when they disregard the contract. *D.R. Horton–Tex., Ltd.*, 423 S.W.3d at 534. Arbitrators do not exceed their authority simply by misinterpreting the contract or misapplying the law. *Id.*; *see Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 830 (Tex. App.—Dallas 2009, no pet.) ("Thus, improvident, even silly interpretations by arbitrators usually survive judicial challenges.") (internal quotation marks omitted); *see also Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 266 (Tex. App.—Houston [14th Dist.] 1995, no writ).

The appropriate inquiry "'is not whether the arbitrator decided an issue *correctly*, but instead whether she had the authority to decide the issue *at all.*'" *D.R. Horton–Tex., Ltd.*, 423 S.W.3d at 534 (quoting *LeFoumba v. Legend Classic Homes, Ltd.*, No. 14-08-00243-CV, 2009 WL 3109875, at *3 (Tex. App.—Houston [14th Dist.] Sept. 17, 2009, no pet.)) (emphasis in original). "In deciding whether the arbitrator exceeded [her] jurisdiction, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Myer v. Americo Life, Inc.*, 232 S.W.3d 401, 408 (Tex. App.—Dallas 2007, no pet.) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

ANALYSIS

## I. Patel's and Jafar's Challenge to the $140,073 Arbitration Award in Favor of Moin

We first consider Patel's and Jafar's contention that the arbitrator's $140,073 breach of contract award to Moin exceeds her authority under the arbitration agreement.

The one-page Agreement for Binding Arbitration encompasses "[a]ny and all claims and counterclaims pending [before the trial court]." Patel and Jafar contend that the $140,073 breach of contract award exceeded the arbitrator's authority under the Agreement for Binding Arbitration because (1) this amount represents restitution, and (2) Moin pleaded only for compensatory and exemplary damages in his live petition. Moin argues the award represents compensatory damages within the arbitrator's authority. Alternatively, Moin argues that the trial court properly refused to vacate or modify the award based on an error of law.

We begin by addressing whether the Federal Arbitration Act ("FAA") or the Texas Arbitration Act ("TAA") governs our review. The FAA applies to all disputes arising out of a "'contract evidencing a transaction involving commerce if the contract affects interstate commerce.'" *In re Stanford Grp. Co.*, 273 S.W.3d 807, 812 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (quoting *Allied–Bruce Terminix Cos. v. Dobson,* 513 U.S. 265, 276-77 (1995)). Neither side argues that this case involves interstate commerce and no evidence suggests that it does. The TAA applies because all parties are Texas residents and there is no indication that interstate commerce is implicated; additionally we note that the Operating Agreement contains a Texas choice of law clause. *See In re Rapid Settlements, Ltd.*, 202 S.W.3d 456, 459 (Tex. App.—Beaumont 2006, orig. proceeding [mand. denied]).

An arbitration award may be vacated under the TAA when an arbitrator exceeds her power. Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(3)(A) (Vernon 2011).

Patel and Jafar contend that the $140,073 breach of contract damage award cannot be considered compensatory damages in the form of lost profits because the arbitrator stated she was awarding a portion of the profits earned by St. Michael's while St. Michael's was benefiting from Curative Health's assets. According to Patel and Jafar, awarding a portion of these profits to Moin is a restitution remedy for which Moin did not plead. Because Moin did not have a "pending" claim for restitution when he signed the Agreement for Binding Arbitration, Patel and Jafar contend that the arbitrator could not award restitution.

According to Moin, the arbitrator awarded compensatory damages allowed under the Agreement for Binding Arbitration because she found that (1) Patel and Jafar breached the Operating Agreement when St. Michael's used Curative Health's assets for a four-month period; and (2) the profits generated during this period measure Moin's lost profits attributable to this breach.

The arbitration award itself is not clear with respect to the rationale for awarding $140,073 to Moin. The arbitration award states as follows: "Moin alleges St. Michael's generated $888,731.00 of revenue and $420,219.00 of net profit over 4 months using [Curative Health's] employees, information, vans, computers, protocols and criteria. One-third of this amount is $140,073.00." The award does not make a specific finding on whether St. Michael's actually earned $420,219.00 of net profit over a four-month period using Curative Health's assets. Immediately following this quoted language, the award determines that it would be unduly speculative to extrapolate the $420,219.00 figure earned over four months to an annual total of $1,260,656.00. The arbitrator then states, "I find Moin has

8

demonstrated [Patel and Jafar] breached the contract. [Patel and Jafar] jointly and severally owe damages to Moin of $140,073.00." The award does not state expressly whether this amount represents Moin's share of Curative Health's lost profits resulting from Patel's and Jafar's breach.

Patel and Jafar argue that "the arbitrator's award cannot be construed to award St. Michael's actual profits as a proxy for Curative Health's lost profits" because "[t]he arbitrator expressly held that 'Moin's claims for lost profits [we]re too speculative and shall be denied.'" This contention divorces the quoted portion of the award from the rest of the paragraph in which it appears. The full paragraph rejected a lost profit amount of $3.9 million over three years as being unduly speculative for purposes of awarding damages for breach of fiduciary duty. The rejection of speculative lost profits for a three-year period does not foreclose an award of lost profits for a shorter time period during which St. Michael's operated using Curative Health's employees and assets.

Patel and Jafar argue further the $140,073 award cannot represent Moin's share of Curative Health's lost profits for a four-month period given that "the arbitrator denied any lost profits for breach of fiduciary duty because Moin's evidence supporting any lost profits for Curative Health was too speculative." They contend as follows: "If the arbitrator's reasoning was as Moin contends, then the arbitrator would have awarded four months' lost profits for Moin's breach of fiduciary duty claim as well."

These contentions provide no basis for reversal because, at most, they assail the arbitrator's reasoning as being legally erroneous or internally inconsistent. Contentions that the arbitrator misinterpreted the contract or misapplied the law provide no basis for disturbing an arbitration award. *See, e.g*, *D.R. Horton–Tex., Ltd.*, 423 S.W.3d at 534. These contentions also contravene the command to

resolve doubts concerning the scope of arbitrable issues in favor of arbitration when the arbitrator is called upon to decide contract issues that potentially implicate the arbitrator's authority. *See Myer*, 232 S.W.3d at 408-09. For these reasons, we reject Patel's and Jafar's contention that the arbitrator exceeded her authority by awarding $140,073 to Moin.

We reach the same conclusion if we consider the arbitration clause found in the "Operating Agreement of Curative Health Concepts LLC." Moin, Patel, and Jafar agreed in this contract that "all claims and controversies arising out of or in connection with this Agreement shall be subject to binding arbitration . . . ." There is no dispute that Moin's breach of contract and breach of fiduciary duty claims arise out of Curative Health's Operating Agreement. The Operating Agreement's arbitration clause is broad. "In such instances, absent any express provision excluding a particular grievance from arbitration, only the most forceful evidence of purpose to exclude the claim from arbitration can prevail . . . ." *Osornia v. AmeriMex Motor & Controls, Inc.*, 367 S.W.3d 707, 712 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 900 (Tex. 1995)). "When an arbitration clause employs broad language such as the language in the arbitration agreement here, it is construed as evidencing the parties' intent to be inclusive rather than exclusive." *Skidmore Energy, Inc. v. Maxus (U.S.) Expl. Co.*, 345 S.W.3d 672, 687 (Tex. App.—Dallas 2011, pet. denied) (internal quotations omitted).

Because Patel and Jafar have not established that the arbitrator decided a matter not properly before her when she awarded $140,073 to Moin as damages for breach of contract, we cannot conclude that the trial court erred by confirming the award. We overrule Patel and Jafar's sole issue.

10

## II. Moin's Challenge to the Arbitration Award in Favor of Odhav and Noor

Moin alleged that Odhav and Noor conspired with Patel and Jafar to deny him medical privileges at St. Michael's and knowingly participated in Patel's and Jafar's breach of fiduciary duty. He also alleged they conspired to deprive him of the Curative Health business opportunity. (CR 533) The arbitrator found that the claims against Odhav and Noor were groundless and brought in bad faith; she allowed Odhav and Noor to recover their costs of arbitration and their reasonable attorney's fees from Moin.

On cross-appeal, Moin asks this court to vacate the arbitrator's award of sanctions against him. He argues the arbitrator's decision to award attorney's fees and costs to Odhav and Noor was a gross mistake of fact and law for three reasons.

First, Moin contends the arbitrator failed to explain the basis behind the award as required under Rule 13 and Chapter 10. *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code § 10.005 (Vernon 2002). Second, he contends the arbitrator "made a gross mistake in considering the standard for awarding attorney's fees" under Rule 13 and Chapters 9 and 10. *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code § 10.001 (Vernon 2002); Tex. Civ. Prac. & Rem. Code § 9.011 (Vernon 2002). Third, under the arbitrator's alternative reason for awarding attorney's fees, the arbitrator determined Odhav and Noor were entitled to attorney's fees and costs as "prevailing parties" under the arbitration clause in the Operating Agreement. Moin argues this was a gross mistake because Odhav and Noor never were parties to the Operating Agreement.

Moin's arguments provide no permissible basis for vacating the arbitrator's award. "[A] party may avoid confirmation [of an arbitration award] only by demonstrating a ground expressly listed in section 171.088." *Hoskins v. Hoskins*,

11

No. 15-0046, 2016 WL 2993929, at *5 (Tex. May 20, 2016). Gross mistake is not a statutory ground under the TAA for vacating, modifying, or correcting an award. *See Casa Del Mar Ass'n, Inc. v. Williams & Thomas, L.P.*, 476 S.W.3d 96, 100 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 171.088-.091 (Vernon 2011).

Even if the arbitrator failed to explain the basis behind the sanctions award and made a "gross mistake," this would merely be a mistake of law. Judicial review of an arbitration award "is so limited that even a mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award." *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied); *see also D.R. Horton–Tex., Ltd.*, 423 S.W.3d at 534 (an arbitrator does not exceed her authority by committing a mistake of law, but instead by deciding a matter not properly before her). Accordingly, Moin's issues on cross-appeal are overruled.

## CONCLUSION

We affirm the trial court's judgment.


/s/     William J. Boyce
        Justice


Panel consists of Justices Boyce, Christopher, and Jamison.