TOWNES TELECOMMUNICATIONS, INC., Northeast Florida Telephone Company, Walnut Hill Telephone Company, Choctaw Telephone Company, Tatum Telephone Company, Electra Telephone Company, Haxtun Telephone Company, and Mokan Dial, Inc., Appellants,

v.

TRAVIS, WOLFF & COMPANY, L.L.P., Moore Stephens Travis Wolff, L.L.P., Edward A. Wolff, Jr., Individually and on Behalf of Edward A. Wolff, Jr., P.C., Appellees.

No. 05–08–00079–CV.

Court of Appeals of Texas, Dallas.

June 29, 2009.

John T. Palter, Bruce K. Packard, Riney Palter, PLLC, Dallas, TX, for Appellants.

David Watkins, Jason Edward Winford, Jenkins & Watkins, P.C., Mark T. Josephs, Mark T. Hollan, Jackson Walker, LLP, Dallas, TX, for Appellee.

Before Justices MORRIS, FRANCIS, MURPHY.

## OPINION

Opinion By Justice MORRIS.

In this appeal, appellants contend the trial court erred in denying their motion to modify an arbitration award. In two points of error, appellants argue the trial court erred as a matter of law when it

failed to hold the arbitrators exceeded their powers or, in the alternative, acted in manifest disregard of the law by failing to designate a non-prevailing party and ordering that all parties pay their own professional fees and share equally in the costs of the arbitration process. After a review of the record, we conclude the arbitration panel in this case exceeded its powers by allocating between the parties the costs of the arbitration in direct contravention of the arbitration agreement. Accordingly, we reverse in part the trial court's order confirming the award and remand the issue of designating a non-prevailing party and determining the reasonable costs, as defined in the agreement, for further arbitration.

## I.

This suit arises out of an accounting dispute between Travis, Wolff & Company, L.L.P. and Townes Telecommunications, Inc., Northeast Florida Telephone Company, Walnut Hill Telephone Company, Choctaw Telephone Company, Tatum Telephone Company, Electra Telephone Company, Haxtun Telephone Company, and Mokan Dial, Inc. (which collectively we will refer to as the "Townes Group"). Travis Wolff sued the Townes Group to collect unpaid fees for audit work Wolff performed in 2003. The Townes Group counterclaimed for professional negligence based on the audits performed in the years 2000 through 2003. It sought the return of all fees paid from 2000 through 2003 as well as the cancellation of the debt for the unpaid 2003 fees. The Townes Group also sought damages for the corrective actions it alleges it had to take as a result of Travis Wolff's negligence including the purchase of a guaranty from its founder, Larry Townes, in favor of the Rural Telephone Finance Cooperative in the amount of $50,500,000.

The engagement letter for the 2003 audit contained an arbitration clause. The litigation was abated by the trial court, and an arbitration was conducted by the American Arbitration Association under the Federal Arbitration Act. On May 19, 2006, the arbitration panel issued its findings stating that Travis Wolff "failed to undertake reasonable audit procedures" in several areas. The panel also found, however, that there was "significant evidence to indicate that the 2000, 2001, and 2002 financial statements for the Townes Group were misstated" and the Townes Group benefitted financially from these misstatements. The panel awarded the Townes Group the return of all fees paid for the 2003 audit and held that Travis Wolff would forfeit the remaining unpaid fees for that year. The panel declined to award the Townes Group any further damages stating that "the awarding of further benefit to the Townes Group for the issuance of their own misstated financial statements is illogical." Finally, the panel held that each party to the dispute should pay their own professional fees incurred in the litigation, including legal, expert, and administrative fees, and share equally in the costs of the arbitration process.

The Townes Group filed a motion in the trial court to modify and confirm the panel's award. In seeking to modify the award, it argued the panel erred in failing to award attorney's fees and costs to the prevailing party as required by the arbitration agreement. Specifically, the agreement stated,

All reasonable costs of both parties, as determined by the arbitrators, including but not limited to (1) the costs, including reasonable attorneys' fees, of the arbitration; (2) the fees and expenses of the AAA and the arbitrators; and (3) the costs, including reasonable attorney's fees, necessary to confirm the award in court shall be borne entirely by the non-

prevailing party (to be designated by the arbitration panel in the award) and may not be allocated between the parties by the arbitration panel.

The Townes Group also submitted a similar motion to the arbitration panel asking it to reconsider its decision on fees and costs. In response to the motion, the panel reaffirmed its original award stating "there was fault attributable to both parties in carrying out their respective responsibilities; and, therefore, there was no non-prevailing party and no prevailing party to the resolution of this dispute." The panel went on to state that it "continues to conclude that each party should pay its own cost of attorneys and cost of expert witnesses ..." and "each party to the dispute should equally share the cost of the hearing and the Panel's fees." The trial court signed a final order confirming the award in its entirety without modification. The Townes Group brought this appeal.

## II.

The parties do not dispute that our review in this case is governed by the Federal Arbitration Act. Under the FAA, we review the trial court's decision to confirm an arbitration award de novo. *See Myer v. Americo Life, Inc.,* 232 S.W.3d 401, 407 (Tex.App.-Dallas 2007, no pet.). Our re-

view of the award itself, however, is exceedingly deferential and narrow. *See id., see also Executone Information Sys., Inc. v. Davis,* 26 F.3d 1314, 1320 (5th Cir.1994). Under the terms of the FAA, an arbitration award must be confirmed unless it is vacated, modified, or corrected under one of the limited grounds set forth in sections 10 and 11 of the Act.[1] 9 U.S.C.A. § 9 (2009); *see also Roehrs v. FSI Holdings, Inc.,* 246 S.W.3d 796, 805–06 (Tex.App.-Dallas 2008, pet. denied). The Townes Group relies upon section 10(a)(4) which states that an award may be vacated "where the arbitrators exceeded their powers." *Id.* § 10(a)(4).[2]

▮▮▮ Arbitrators exceed their power when they decide matters not properly before them. *See Quinn v. Nafta Traders, Inc.,* 257 S.W.3d 795, 799 (Tex.App.-Dallas 2008, pet. granted). The arbitrators' authority to decide matters is derived from the arbitration agreement. *See Kosty v. South Shore Harbour Cmty. Ass'n, Inc.,* 226 S.W.3d 459, 465 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). When determining whether an arbitration panel has exceeded its powers, any doubts concerning the scope of what is arbitrable should be resolved in favor of arbitration. *See Myer,* 232 S.W.3d at 408. If the panel is even arguably construing or applying the

1. The United States Supreme Court recently held that the grounds for vacation, modification, and correction of arbitration awards set forth in sections 10 and 11 of the FAA are exclusive and may not be expanded upon by contract. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 128 S.Ct. 1396, 1404, 170 L.Ed.2d 254 (2008). In rendering this decision, the Supreme Court has placed in doubt the continued validity of common law grounds for vacatur such as "manifest disregard for the law" previously recognized by Texas state and federal courts, and urged as a ground for reversal in this case. Because we conclude appellants have shown a statutory ground for vacating the portion of the

award they challenge, it is unnecessary for us to address their common law argument.

2. Travis Wolff argues that the Townes Group waived this argument by failing to present it to the trial court. We disagree. Although the Townes Group did not cite to section 10(a)(4) specifically in its motion, it argued the panel ignored the plain language of the contract in rendering its award of fees and costs. This was sufficient to preserve the issue for review. Travis Wolff also argues that the failure of the Townes Group to submit the arbitration record to the trial court precludes judicial review. But the nature of the error asserted in this case does not necessitate a review of the arbitration record.

agreement, the fact that a court may be convinced it has committed a serious error does not suffice to overturn the decision. *See Major League Baseball Players Ass'n v. Garvey,* 532 U.S. 504, 509, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001). It is only when the panel departs from the agreement and, in effect, dispenses its own idea of justice that the award may be unenforceable. *See id.*

■ In this case, the parties' arbitration agreement clearly places the issue of awarding costs within the scope of the panel's power. Yet, with equal clarity, the agreement limits the panel's power to make such an award by stating that the costs "may not be allocated between the parties." By so limiting the panel's power, the agreement requires the panel to designate a non-prevailing party to bear the costs of both sides. In allocating the costs of the arbitration among the parties, the panel acted in direct contravention of the agreement and exceeded the powers granted to it by the parties. We recognize there are compelling reasons supporting the panel's conclusion that there was "fault attributable to both parties" in this case and its decision to refuse to designate a "non-prevailing party." However, because the arbitration agreement specifically forecloses the option of ordering the parties to share in the costs of the arbitration, we conclude the panel exceeded its authority by rendering such an order and the award of costs is unenforceable under section 10(a)(4) of the FAA.

■ The Townes Group requests this court to modify the arbitration award to declare Travis Wolff the non-prevailing party and remand the cause to the trial court for a determination of reasonable costs. For the reasons set forth below, we conclude this is not the appropriate relief in this matter. Because the Townes Group also requested such other and further relief to which they may show themselves entitled, we determine what relief is available to the Townes Group. *Cf. Anderson v. Teco Pipeline Co.,* 985 S.W.2d 559, 563 (Tex.App.-San Antonio 1999, pet. denied) (although relief not specifically requested, it was encompassed by request for any relief to which it might be entitled).

■■ An arbitration agreement that is unenforceable under section 10 of the FAA is not subject to modification but must be vacated. *See* 9 U.S.C.A. § 10. Furthermore, where an arbitration panel fails to perform its duties under the contract, the appropriate remedy is to vacate and remand for further arbitration. *See HMC Mgmt. Corp. v. Carpenters Dist. Council of New Orleans and Vicinity,* 750 F.2d 1302, 1305 (5th Cir.1985). If the valid portion of the arbitration award concerns claims that are "separable from and nondependent on" the claims covered by the invalid portion of the award, the valid portion may be confirmed and the invalid portion vacated and remanded for further proceedings. *See Lummus Global Amazonas, S.A. v. Aguaytia Energy del Peru, S.R. Ltda.,* 256 F.Supp.2d 594, 656 (S.D.Tex.2002).

The arbitration panel in this case may determine which party is the "non-prevailing party" and award costs without reconsideration of the merits of the parties' claims. Therefore, it is unnecessary for us to vacate the entire award. *See id.* Based on the foregoing, we reverse the trial court's judgment to the extent it confirms the portion of the award relating to the designation of a non-prevailing party and the payment of costs. We vacate that portion of the award and remand the issues for further arbitration to determine reasonable costs and designate a non-prevailing party to bear those costs. We af-

firm the trial court's judgment in all other respects.