**REVERSE and RENDER; and Opinion Filed June 15, 2016.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-01430-CV

**ELITE FRAMING, JEROME HENSLEY,
RON HENSLEY, AND KIM CRAGER-HUNT, Appellants**
**V.**
**BBL BUILDERS, L.P., Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-07676**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Lang-Miers

Elite Framing, Jerome Hensley, Ron Hensley, and Kim Crager-Hunt (collectively Elite)

appeal the trial court's interlocutory order vacating an arbitration award in their favor. We

reverse the order and render judgment confirming the arbitration award. Because all dispositive

issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

#### BACKGROUND

BBL Builders, L.P. was the general contractor on an apartment construction project in

Corpus Christi referred to as Ocean Airline. BBL hired Elite to replace an unsatisfactory

framing company and to complete the framing work on the project. After several months on the

job, however, BBL terminated Elite for unsatisfactory performance. BBL sued Elite for breach

of contract, breach of fiduciary duty, misapplication of construction trust funds, theft under the

Texas Theft Liability Act, and fraud. Elite filed counterclaims for breach of contract and quantum meruit. The parties arbitrated their dispute and, after a three-day hearing, the arbitrator issued an interim award in favor of Elite. BBL moved the arbitrator to reconsider its award, asserting that the arbitrator refused to consider evidence material to its fraud claim and awarded damages to Elite based on an hourly rate to which the parties had not agreed. The arbitrator denied the motion and issued the final arbitration award.

Elite filed a motion in the trial court to confirm the arbitration award, and BBL moved to vacate the award. BBL asserted three grounds for vacatur: (1) the arbitrator refused to consider evidence material to its fraud claim, (2) the arbitrator exceeded his powers in awarding damages for breach of contract, and (3) the arbitrator committed a gross mistake by ruling that BBL breached the contract first. The trial court took the matter under advisement and later vacated the arbitration award. On appeal, Elite argues that BBL did not prove any ground for vacatur and the trial court erred by vacating the arbitration award.

### APPLICABLE LAW & STANDARD OF REVIEW

Chapter 171 of the Texas Civil Practice and Remedies Code is the state arbitration law. TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001–.098 (West 2011). The statute requires a trial court to confirm an arbitrator's award on application unless an opposing party establishes a statutory ground for vacating, modifying, or correcting the award. *Id*. § 171.087; *Hoskins v. Hoskins*, No. 15-0046, 2016 WL 2993929, at *4 (Tex. Jan. 13, 2016). The statutory grounds for vacatur include when an arbitrator refused to hear evidence material to the controversy or exceeded his powers.[1] TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3).

---

[1] The arbitration agreement did not state whether it was to be governed by state or federal arbitration law. Because BBL relied on state grounds for vacatur, we will address only the state statute.

We review a trial court's decision to confirm or vacate an arbitration award de novo based on a review of the entire record. *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied). However, because Texas law favors arbitration, our review is extraordinarily narrow. *E. Tex. Salt Water Disp. Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). We indulge all presumptions in favor of the award and none against it. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). Indeed, our review is so limited that even an arbitrator's mistake of fact or law is not a ground for vacating an award. *Centex/Vestal*, 314 S.W.3d at 683.

**DISCUSSION**

Elite argues that the trial court erred by vacating the arbitration award because BBL did not establish any ground for vacatur. We agree.

### (1) Claim that Arbitrator Made Gross Mistake

One of the grounds for vacatur BBL asserted below was the common law ground of gross mistake.[2] The Supreme Court of Texas recently pronounced that common law grounds are not grounds for vacating an arbitration award under Chapter 171. *Hoskins*, 2016 WL 2993929, at *4 (court shall confirm award unless *statutory* ground for vacatur), & at *7 (Willett, J., concurring) ("gross mistake" no longer a viable ground for vacatur). To the extent the trial court's order vacating the arbitration award in this case was based on gross mistake, it was error. *Id*.

### (2) Claim that Arbitrator Refused to Hear Material Evidence

BBL also argued that the arbitration award should be vacated because the arbitrator "refused to hear evidence material to the controversy," specifically, evidence of Elite's alleged fraud. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(C).

---

[2] Under this ground, BBL argued "that the arbitrator committed a gross mistake by ruling that BBL breached first." BBL contended that the evidence showed that Elite breached the contract first.

At the hearing on the parties' respective motions to vacate and confirm, BBL explained to the trial court that BBL called Jerry Pyle, a former Elite employee, as a witness at the arbitration hearing. Pyle worked for Elite on the Ocean Airline project for three weeks before he was terminated or quit. Pyle testified that he saw several Elite employees sign in at the Ocean Airline project, leave the job site to work on a different project, and come back at the end of the day to sign out at the Ocean Airline project. Pyle claimed that these employees worked on a different project on "BBL's dime." And he claimed to have proof of this allegedly fraudulent activity on his cell phone—pictures he took of Elite's sign-in sheets. As Pyle reached for his cell phone to show counsel the images of the sign-in sheets, Elite objected and the arbitrator sustained the objections.

BBL told the trial court that after Pyle testified, "[t]he documents were retrieved" from Pyle's phone by BBL's IT specialist. BBL said it "sought to put them into evidence on the last day of the hearing, but the Arbitrator refused to consider them" because BBL had not produced the documents during discovery. BBL explained in detail to the trial court that the images on Pyle's phone were of Elite's sign-in sheets for May 31 for the Ocean Airline project, but they were not identical and corroborated Pyle's testimony that employees were leaving that project to work on another project. BBL also argued that those sign-in sheets were different from the one produced by Elite for that same day. BBL contended that the outcome of the arbitration hearing would have been different if the arbitrator had considered the documents because they corroborated Pyle's testimony, which the arbitrator found to be not credible. BBL also argued that the sign-in sheets depicted in the images were actually Elite's documents that Elite should have produced during discovery, but did not.

The trial court expressed concern that the arbitrator "didn't even take [the documents] *in camera* to take a look at it to determine the material [sic]." But the record shows that before the

–4–

arbitration hearing began, the arbitrator advised the parties "that if a document has been requested and it has not been produced, it will not be introduced." And when BBL sought to introduce documents it had not produced, the images from Pyle's phone, the arbitrator refused to admit them over Elite's objection in accordance with his rule established at the beginning of the hearing. *See Sanders v. Newton*, 124 S.W. 482, 482–83 (Tex. Civ. App.—Fort Worth 1909, writ denied).

Additionally, Pyle testified that he told BBL shortly after leaving the employ of Elite that "if any of them were interested, I had plenty of proof of fraudulent things on my phone." But he said BBL was not interested because "[i]f they were, they would have came to meet and seen what was on it." This testimony supports the arbitrator's decision not to consider the evidence because it shows that BBL was advised that Pyle contended he had "proof of fraudulent things on [his] phone" before the hearing began. Even though the arbitrator did not consider the images from Pyle's phone, he did allow Pyle to testify at length from his memory about the images and his personal observations.

To vacate an arbitration award on an error in admitting or excluding evidence, "the error must be one that is not simply an error of law but which so affects the rights of a party that it may be said he was deprived of a fair hearing." *Las Palmas Med. Ctr. v. Moore*, 349 S.W.3d 57, 72–73 (Tex. App.—El Paso 2010, pet. denied). Based on our review of the record, we cannot conclude that the arbitrator's refusal to admit or consider evidence from Pyle's cell phone was a refusal to hear evidence material to BBL's fraud claim. *See id*.; *see also Sanders*, 124 S.W. at 482–83.

### (3) Claim that Arbitrator Exceeded His Powers

As its second statutory ground for vacatur, BBL argued that the arbitrator exceeded his powers by "disregarding the contract and creating a new agreement between the parties." *See*

TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A). BBL argued to the trial court that the arbitrator based the damages award on an hourly rate of $28.50 for Elite's employees and that the parties had never agreed to that hourly rate. BBL argued that the contract called for maximum payments and the arbitrator ignored those maximums agreed upon by the parties and created a new agreement based on this hourly rate.

Elite argued that the issue in an exceeded-his-powers claim "is not whether the arbitrator decided an issue . . . correctly, but instead, whether [the arbitrator] has the authority to decide the issue at all." Elite argued that the arbitration agreement gave the arbitrator authority to decide the breach of contract claim. We agree.

An arbitrator derives his authority from the arbitration agreement. *Centex/Vestal*, 314 S.W.3d at 684. An arbitrator exceeds his authority when he decides a matter not properly before him. *Id.* We presume an arbitrator's actions were within his authority and we resolve all doubts in favor of the award. *Barton v. Fashion Glass & Mirror, Ltd.*, 321 S.W.3d 641, 646 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

In this case, the parties agreed to arbitrate "[a]ny controversy or claim . . . arising out of or related to this AGREEMENT, or the breach thereof . . . ." This is broad language covering any dispute between BBL and Elite arising out of their contract. *See Centex/Vestal*, 314 S.W.3d at 685; *Pheng Invs., Inc. v. Rodriguez*, 196 S.W.3d 322, 329–30 (Tex. App.—Fort Worth 2006, no pet.). BBL did not dispute that the breach of contract claim was properly before the arbitrator. Instead, it contended that the arbitrator calculated damages based on an hourly rate not agreed to by the parties and, as a result, "depart[ed] from the parties' agreement and dispense[d] his 'own idea of justice.'" *Townes Telecomms., Inc. v. Travis, Wolff & Co.*, 291 S.W.3d 490, 494 (Tex. App.—Dallas 2009, pet. denied) (decided under federal arbitration law).

But the arbitration agreement in this case did not place restrictions on the arbitrator's authority to decide the amount of damages for the breach of contract claim. *See Barton*, 321 S.W.3d at 646–47 (when parties submit issue to arbitration, they may agree to limit arbitrator's authority to enter award); *see also Townes Telecomms., Inc.*, 291 S.W.3d at 494 (while awarding costs was within arbitrator's authority, parties limited authority by stating in arbitration agreement that arbitrator could not allocate costs; costs had to be awarded against non-prevailing party). The arbitration agreement gave the arbitrator full authority to resolve the contract dispute. *See Barton*, 321 S.W.3d at 646. Although the arbitrator resolved the dispute in a way that BBL believes was wrong, this "does not mean the arbitrator acted outside the scope of his authority." *See id.* at 647. The breach of contract claim was properly before the arbitrator. BBL's argument that the arbitrator erroneously determined damages for a claim properly before him is an allegation of a mistake of fact or law and is not a ground for vacating an arbitration award. *See id.*; *see also Centex/Vestal*, 314 S.W.3d at 683; *Pheng Invs.*, 196 S.W.3d at 329–30.

We resolve Elite's sole issue in its favor.

## CONCLUSION

We reverse the trial court's order vacating the final arbitration award and render judgment confirming the award.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

151430F.P05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ELITE FRAMING, JEROME HENSLEY, RON HENSLEY, AND KIM CRAGER-HUNT, Appellants

No. 05-15-01430-CV      V.

BBL BUILDERS, L.P., Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-07676.
Opinion delivered by Justice Lang-Miers.
Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, the November 12, 2015 order of the trial court vacating the arbitration award is **REVERSED** and judgment is **RENDERED** confirming the arbitration award.

It is **ORDERED** that appellants Elite Framing, Jerome Hensley, Ron Hensley, and Kim Crager-Hunt recover their costs of this appeal from appellee BBL Builders, L.P.

Judgment entered this 15th day of June, 2016.