

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00021-CV

**PASADERA BUILDERS, LP**,
Appellant

v.

Todd **HUGHES**,
Appellee

From the County Court at Law, Kendall County, Texas
Trial Court No. 15-559CCL
Honorable Bill R. Palmer, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  December 13, 2017

AFFIRMED

Pasadera Builders, LP appeals the trial court's order granting Todd Hughes's motion to confirm an arbitration award and denying Pasadera's motion to vacate a portion of the arbitration award. Pasadera contends the trial court erred in refusing to vacate the portion of the arbitration award finding neither party was a prevailing party entitled to attorney's fees, expenses, and arbitration costs under the arbitration agreement. We affirm the trial court's order.

**BACKGROUND**

Pasadera and Hughes entered into a construction contract pursuant to which Pasadera constructed a custom-built home for Hughes. After the construction was completed, the home experienced water intrusion in June 2014 and May 2015. The parties disagreed on the nature of the warranty work Pasadera was obligated to undertake, and offers and counter-offers were sent under the Texas Residential Construction Liability Act ("RCLA"). Ultimately, Hughes filed a lawsuit, and the trial court ordered the parties to submit all of their claims to arbitration based on the arbitration provisions contained in the construction contract. The construction contract contained a provision regarding attorney's fees which provided: "The prevailing party in any action to enforce the terms of this Agreement shall be entitled to receive from the non-prevailing party all reasonable attorney's fees and all expenses and court or arbitration costs."

After a nine-day arbitration proceeding, the arbitration panel issued a written award finding the water intrusions and resulting mold constituted a breach of the express limited warranty by Pasadera. The panel did not find Pasadera liable on Hughes's DTPA, negligence, and rescission claims. Similarly, the panel did not find Hughes liable on Pasadera's DTPA and RCLA counterclaims. Finally, the panel found Pasadera's offer and supplemental offer of settlement which were made under the RCLA were reasonable. Because Hughes rejected the offer, the panel concluded Hughes could not recover an amount in excess of the fair market value of Pasadera's last offer of settlement and could recover only the reasonable and necessary costs and attorney's fees Hughes incurred before the offer was rejected. Based on this conclusion, the panel awarded Hughes $103,340.26 in damages, attorney's fees, expenses, and interest.

With regard to the attorney's fees provision in the construction contract, the panel found the following:

***Prevailing Party***: The remaining issue is whether [Hughes] or [Pasadera] is the prevailing party with respect to this claim. In *Fitzgerald v. Schroder Ventures II, LLC*, 345 S.W.3d 624, 628-29 (Tex. App.—San Antonio 2011, no writ), the Fourth Court of Appeals concluded that the analysis in *Intercontinental Group Partnership v. KB Homes Lone Star, L.P.*, 295 S.W.3d 650 (Tex. 2009) (requiring an affirmative recovery) was inapposite to a claim for attorney's fees by a defendant in litigation. The Court concluded that a defendant that obtained a judgment in its favor (take-nothing) is the prevailing party and is therefore entitled to attorney's fees. In this case, [Pasadera] did not obtain a take-nothing award. [Pasadera] could have drafted "prevailing party" in a way that could have provided it prevailing party status[1] but did not do so. Accordingly, the panel concludes that Respondent was not a "prevailing party."

However, since the panel has found that [Hughes] rejected a reasonable offer, he is not a prevailing party either and is only entitled to recover those reasonable and necessary attorney's fees and necessary costs incurred before the offer was rejected. *See* Tex. Prop. Code §27.004(e)(2).

As previously noted, Hughes filed a motion to confirm the arbitration award while Pasadera filed a motion to vacate the portion of the arbitration award finding neither party was a prevailing party entitled to attorney's fees, expenses, and arbitration costs. The trial court granted Hughes's motion and denied Pasadera's motion. Pasadera appeals, asserting the arbitration panel exceeded its authority by failing to determine it was the prevailing party and by failing to award it $601,525.25 in attorney's fees and $184,060.26 in expenses and arbitration costs.

### STANDARD OF REVIEW AND GOVERNING LAW

We apply a de novo standard in reviewing a trial court's decision to confirm or vacate an arbitration award; however, judicial review of an arbitration award is extraordinarily narrow.[2] *East*

---

[1] The footnote in the arbitration award was footnote 15 and stated:

> *E.g.* The "prevailing party" shall be deemed to be the party whose last written offer to settle the dispute (or the fair market value of the offer), before the initiation of the proceeding/arbitration, most closely approximates the final award (excluding any award for attorney's fees, costs, and prejudgment interest which accrue after the offer is made).

[2] It is unclear whether Pasadera is arguing this court has "expanded judicial review" based on a provision in the construction contract stating, "The parties agree that in the event of an arbitration proceeding pursuant hereto, the parties shall file a joint motion to request that the arbitrator strictly observe all applicable state and federal laws, including, but not limited to, applicable statutes of limitation." Although the Texas Supreme Court has held an arbitration agreement can provide for "expanded judicial review," "absent clear agreement, the default under the TAA, . . ., is restricted judicial review." *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 (Tex. 2011). In order to provide for expanded judicial review, this court has held there must be "a 'clear agreement to limit the [arbitrator's authority

*Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010); *D.R. Horton-Tex., Ltd. v. Bernhard*, 423 S.W.3d 532, 534 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *City of Laredo v. Mojica*, 399 S.W.3d 190, 194-95 (Tex. App.—San Antonio 2012, pet. denied). Under the Texas General Arbitration Act, a trial court must confirm an arbitration award unless grounds are offered for vacating, modifying, or correcting an award under section 171.088 or 171.091 of the Act. TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (West 2011). A party seeking to vacate an arbitration award "may avoid confirmation only by demonstrating a ground expressly listed in section 171.088." *Hoskins v. Hoskins*, 497 S.W.3d 490, 495 (Tex. 2016). In this case, Pasadera relies on section 171.088(a)(3)(A) which requires an award to be vacated if "the arbitrators exceeded their powers." TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A).

In *DiAthegen, LLC v. Phyton Biotech, Inc.*, this court addressed the legal standard governing an assertion that the arbitrators exceeded their powers, reasoning:

> . . . . An arbitrator exceeds his powers if he acts contrary to express contractual provisions. Thus, an arbitration award that ignores a clear contractual limitation on the authority of the arbitrator should be vacated. However, "[i]t is not enough ... to show that the [arbitrator] committed an error—or even a serious error. Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits." Because "the task of an arbitrator is to interpret and enforce a contract, not to make public policy," it "is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." The question before the court is "whether the arbitrators even arguably interpreted the Agreement in reaching their award; it is not whether their interpretations of the Agreement or the governing law were correct."

---

***and*** expand the scope of judicial review.'" *Methodist Healthcare Sys., Ltd., LLP v. Friesenhahn*, No. 04-16-00824-CV, 2017 WL 4518284, at *3 (Tex. App.—San Antonio Oct. 11, 2017, no pet. h.) (mem. op.) (emphasis in original) (quoting *Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 432 (Tex. 2017)). In the instant case, the sentence quoted from the construction contract "does not 'clearly expand judicial review of an arbitration award to encompass reversible error under standards applicable in a conventional appeal from a final judgment rendered after trial.'" *Id*. (quoting *Denbury Onshore, LLC v. Texcal Energy S. Tex., L.P.*, 513 S.W.3d 511, 519 (Tex. App.—Houston [14th Dist.] 2016, no pet.)). Accordingly, the default restricted judicial review applies in this case. *See Nafta Traders, Inc.*, 339 S.W.3d at 101.

No. 04-14-00267-CV, 2015 WL 5037645, at *4 (Tex. App.—San Antonio Aug. 26, 2015, pet. denied) (mem. op) (internal citations omitted); *see also O'Grady v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, 506 S.W.3d 121, 126-27 (Tex. App.—Corpus Christi 2016, pet. denied) (noting arbitrator exceeds his powers by deciding a matter not properly before him or by departing from the arbitration agreement to such an extent that the arbitrator, "in effect, dispenses his own idea of justice"); *D.R. Horton-Tex., Ltd.*, 423 S.W.3d at 534 (noting "an arbitrator exceeds his authority when he disregards the contract and dispenses his own idea of justice"). Consistent with the legal standard announced in *DiAthegen*, *LLC*, Texas courts uniformly acknowledge that a mistake of fact or law by an arbitrator is not a proper ground for vacating an arbitration award. *See, e.g.*, *Prescription Health Network, LLC v. Adams*, 02-15-00279-CV, 2017 WL 1416875, at *3 (Tex. App.—Fort Worth Apr. 20, 2017, pet. denied) (mem. op.) (noting court's review is so limited that "we may not vacate an award even if it is based upon a mistake in law or fact"); *O'Grady*, 506 S.W.3d at 126 ("To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination must be one that is not simply an error of law…."); *City of Laredo*, 399 S.W.3d at 195 ("Review is so limited that an arbitration award may not be vacated even if there is a mistake of fact or law."); *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied) ("Review of an arbitration award is so limited that even a mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award."). As one court has explained, "the appropriate inquiry is not whether the arbitrator decided an issue ***correctly***, but instead whether she had the authority to decide the issue ***at all***." *D.R. Horton-Tex., Ltd.*, 423 S.W.3d at 534 (emphasis in original) (internal quotation omitted).

Pasadera primarily relies on *Townes Telecomm., Inc. v. Travis, Wolff & Co., L.L.P.*, 291 S.W.3d 490 (Tex. App.—Dallas 2009, pet. denied), to argue the arbitration panel was required to

determine that one of the parties was a prevailing party. In *Townes*, the arbitration panel held that each party "should pay their own professional fees incurred in the litigation, including legal, expert, and administrative fees, and share equally in the costs of the arbitration process." 291 S.W.3d at 492. The Townes Group filed a motion to modify the panel's award arguing "the panel erred in failing to award attorney's fees and costs to the prevailing party as required by the arbitration agreement." *Id*. In that case, the arbitration agreement provided:

> All reasonable costs of both parties, as determined by the arbitrators, including but not limited to (1) the costs, including reasonable attorneys' fees, of the arbitration; (2) the fees and expenses of the AAA and the arbitrators; and (3) the costs, including reasonable attorney's fees, necessary to confirm the award in court shall be borne entirely by the non-prevailing party (to be designated by the arbitration panel in the award) and may not be allocated between the parties by the arbitration panel.

*Id*. at 492-93. The trial court confirmed the award without modification, and The Townes Group appealed. *Id*. at 493.

The Dallas court first noted "the parties' arbitration agreement clearly place[d] the issue of awarding costs within the scope of the [arbitration] panel's power." *Id*. at 494. However, the Dallas court also noted that "with equal clarity, the agreement limit[ed] the panel's power to make such an award by stating that the costs 'may not be allocated between the parties.'" *Id*. The Dallas court concluded, "By so limiting the panel's power, the agreement require[d] the panel to designate a non-prevailing party to bear the costs of both sides." *Id*. By allocating the costs among the parties, the Dallas court held the panel exceeded its powers by acting in direct contravention of the agreement. *Id*. The Dallas court's holding was based on "the arbitration agreement specifically foreclose[ing] the option of ordering the parties to share in the costs of the arbitration." *Id*.

In the instant case, the construction contract does not contain any language specifically foreclosing the panel from determining that neither party was a prevailing party. Since the panel was not specifically foreclosed from making that finding, the panel did not act in direct

contravention of the agreement or exceed its powers. Accordingly, the trial court did not err in denying Pasadera's motion to vacate.

"We pass no judgment on whether the [panel] made a correct decision under the law and facts of this case." *D.R. Horton-Tex., Ltd.*, 423 S.W.3d at 535; *but see Walnut Retail Ctr. Gen. Partner, LC v. LBL, Ltd.*, No. 04-13-00878-CV, 2014 WL 5463898, at *4 (Tex. App.—San Antonio Oct. 29, 2014, no pet.) (holding trial court did not abuse its discretion in determining neither party prevailed). "But the issue of attorney's fees was clearly submitted to the [panel], and the [panel] consulted the contractual provisions and statutes regarding attorney's fees when reaching [its] conclusion." *D.R. Horton-Tex., Ltd.*, 423 S.W.3d at 535; *see also LeFoumba v. Legend Classic Homes, Ltd.*, No. 14-08-00243-CV, 2009 WL 3109875, at *3 (Tex. App.— Houston [14th Dist.] Sept. 17, 2009, no pet.) (mem. op.) (holding arbitrator had authority to decide upon appropriate amount of attorney's fees and did not exceed her authority by committing a mistake of law). Therefore, based on the language in the parties' contract, we cannot conclude that the arbitration panel exceeded its authority by finding that neither party was a prevailing party.

## CONCLUSION

The trial court's order is affirmed.

Karen Angelini, Justice