**REVERSED AND RENDERED and Opinion Filed March 7, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01190-CV**

**JOHN CLENDENING, Appellant**
**V.**
**BLUCORA, INC., Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-03304-E**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Smith

Appellant John Clendening appeals the trial court's order confirming an arbitration award. In one issue, appellant argues that the trial court erred by confirming the award because the award exceeded the arbitrator's authority and directly contradicted the parties' agreement. We agree.

### Factual and Procedural Background

Appellant is the former CEO of appellee Blucora, Inc. His employment agreement provided that any employment-related disputes between him and appellee were to be resolved in binding arbitration. In 2020, appellant filed an arbitration

claim against appellee seeking damages, and appellee filed counterclaims against appellant. The parties settled their disputes and entered into a Settlement Agreement and Release on January 21, 2022.

The agreement mandated appellee to make specific payments to appellant and mandated appellant to perform certain obligations; both parties were to perform by set dates and times. Specifically, appellant had to provide answers to interrogatories by 12:00 p.m. on January 22, 2022. If appellee found the answers acceptable, appellee was to make another payment to appellant. If not, appellee could terminate the settlement agreement or seek further information from appellant. Appellant could also terminate the agreement for appellee failing to make a payment. If either party terminated the agreement, the agreement would be deemed void and arbitration would continue as if no settlement had been reached. If the parties complied to each other's satisfaction, they would file a joint motion to dismiss with prejudice all claims in the arbitration proceeding.

Appellant provided interrogatory responses to appellee on January 22, 2022. Appellee was not satisfied with the answers, and the parties filed further claims against each other in arbitration. On March 9, 2022, the arbitrator emailed the parties and informed them that appellee's motion for an expedited resolution was denied. The arbitrator further informed the parties:

> I am aware that operative dates in the settlement agreement have now passed. Therefore, as a consequence of this ruling, the parties would need to confer, to at least attempt to come up with an agreed

–2–

understanding of the date for the final payment called for by the settlement agreement, as well as dates for any interview and/or potential eventual deposition of [appellant].

On March 22, the parties submitted a joint agreed motion to dismiss as provided by the Settlement Agreement. The arbitrator granted the motion on April 1. On April 6, appellee submitted a motion to compel appellant to provide more complete answers and to attend a four-hour deposition. The arbitrator held a hearing on the motion on May 11. The arbitrator granted the motion to compel on June 8, explicitly concluding that (1) after entering the April 1 order, he retained jurisdiction to rule on any motion to compel under "Paragraph 1(h) of the Settlement Agreement"; (2) "it is determined that the arbitrator retained and still has jurisdiction to consider the requested relief"; and (3) "the arbitrator retained jurisdiction to grant such relief." The arbitrator directed the parties to conference and attempt to reach an agreement on the logistics of the date and time of the deposition. The parties were to provide the arbitrator with a status report on June 15.

On June 24, appellant filed a motion in the trial court to vacate the arbitrator's June 8 order granting appellee's motion to compel appellant's deposition, which the parties refer to as the arbitration award. Appellee filed a competing motion to affirm. The parties did not challenge the arbitrator's April 1, 2022 order granting the parties' joint agreed motion to dismiss. After a hearing, the trial court denied appellant's motion to vacate and confirmed the arbitration award. This appeal followed.

**Arbitrator's Powers**

Appellant argues that the arbitrator exceeded his authority by ordering the deposition without jurisdiction to do so and that the arbitrator's award ordering the deposition directly contradicts with the agreed deadline for the deposition to occur. Appellee responds that the arbitrator had jurisdiction to order the deposition even though it was past the deadline in the Settlement Agreement. Specifically, appellee contends that appellant waived any argument that the agreement required strict adherence to the deadlines because appellant participated, without objection, to the informal interview long after its January 25, 2022 deadline, and it was appellee's dissatisfaction with appellant's answers in the informal interview that led appellee to file the motion to compel appellant's deposition. Appellee further responds that the arbitrator was faced with new claims arising after the operative dates had passed and, thus, was construing and applying the contract when he reached a legal determination that appellee could still seek a deposition. Appellee notes, "If [appellant] were right that the February 2022 date was an absolute limit on the arbitrator's power, then he could effectively strip the arbitrator of jurisdiction simply by running out the clock."

We review a trial court's decision to confirm an arbitration award de novo. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.—Dallas 2009, no pet.). The parties agree that the Settlement Agreement is "governed by the substantive laws of the State of Texas," but dispute whether the

—4—

Texas Arbitration Act (TAA) or the Federal Arbitration Act (FAA) applies in this case. The employment agreement, under which arbitration began, provided that it was governed by the laws of Delaware. Both agreements provided that the dispute was to be resolved under the rules of the American Arbitration Association. Regardless of which Act applies, our disposition would be the same in this case as both acts provide for vacatur of an arbitration award where the arbitrator exceeded his powers. *See* 9 U.S.C. § 10(a)(4) (FAA permits a court to vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made"); TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A) (TAA provides that court shall vacate an award if arbitrators exceeded their powers); *see also White v. Siemens*, 369 S.W.3d 911, 915 (Tex. App.—Dallas 2012, no pet.) (explaining that we need not determine which act applies because our conclusion would be the same under either act).

An arbitrator exceeds his powers where the arbitrator exceeds his contractual authority. *Ancor Holdings*, 294 S.W.3d at 830. "It is well established that courts may set aside awards when the arbitrator exceeds his contractual mandate by acting contrary to express contractual provisions." *Beaird Indus., Inc. v. Local 2297, Int'l Union*, 404 F.3d 942, 946 (5th Cir. 2005); *see, e.g.*, *Townes Telecomms., Inc. v. Travis, Wolff & Co., L.L.P.*, 291 S.W.3d 490, 492–94 (Tex. App.—Dallas 2009, pet. denied) (arbitration panel acted in direct contravention and exceeded its powers

when it allocated costs between the parties where the agreement expressly prohibited it from doing so and instead required the panel to designate the non-prevailing party to bear the costs of both sides).

"Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must give effect to the contractual rights and expectations of the parties. In this endeavor, as with any other contract, the parties' intentions control." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (internal quotations and citations omitted). An arbitrator may not ignore the plain language of the parties' contract. *Ancor Holdings*, 294 S.W.3d at 830.

> Section 1.e. of the Settlement Agreement at issue here provided:
>
> Upon receipt of the payment [if appellee found appellant's responses acceptable], . . . Parties will jointly file a motion to dismiss with prejudice all claims in the Arbitration, subject to the continuing jurisdiction outlined in Paragraph 1.h. [Appellant] acknowledges that, if [appellee] files a motion to compel pursuant to Paragraph 1.h., the arbitrator shall rule on such motion as though the Arbitration is ongoing.

The Settlement Agreement further provided that, after payment was made and the parties filed a joint motion to dismiss, appellee could ask appellant follow-up questions through an informal conversation, which was not to be recorded. Once that conversation occurred, or if appellee did not request such conversation, appellee was to make a final payment to appellant. Section 1.h. of the agreement provided:

If [appellee] does not believe that the Answers are fully complete or is not satisfied by the subsequent conversation with [appellant], the arbitrator in the Arbitration will retain jurisdiction to hear [appellee's] Motion to Compel seeking to compel [appellant] to provide more complete Answers and provide up to a four-hour deposition (to occur not later than February 27, 2022 on a mutually convenient date) to answer questions under oath.

We conclude that, although the parties agreed the arbitrator retained limited jurisdiction to hear a motion to compel after they filed their joint motion to dismiss, the language in Section 1.h. restricted the arbitrator's authority to order a deposition "to occur not later than February 27, 2022." This language is plain and unambiguous. The fact that the parties failed to contract for a situation where the deadlines had passed does not create an ambiguity in the language or authorize the arbitrator to act outside of the parties' agreement. Here, the arbitrator exceeded his authority by ordering, in direct contravention of the parties' agreement, appellant's deposition to occur later than February 27, 2022. Therefore, the trial court erred when it failed to vacate the award. We sustain appellant's sole issue on appeal.

**Conclusion**

The arbitrator exceeded his powers by ordering appellant's deposition after February 27, 2022, and the trial court erred by denying appellant's motion to vacate the award. Therefore, we reverse the trial court's order confirming the arbitration award and render judgment vacating the June 8, 2022 arbitration order that granted appellee's Motion to Compel Deposition.

The arbitrator's April 1, 2022 order granting the parties' joint agreed motion to dismiss remains in effect.

/Craig Smith/
CRAIG SMITH
JUSTICE

221190F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN CLENDENING, Appellant

No. 05-22-01190-CV      V.

BLUCORA, INC., Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-22-03304-E.
Opinion delivered by Justice Smith. Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the order of the trial court granting appellee Blucora, Inc.'s motion to affirm the June 8, 2022 arbitration award is **REVERSED** and judgment is **RENDERED** that:

appellant John Clendening's motion to vacate the arbitration award is granted, and the arbitrator's June 8, 2022 arbitration order granting appellee Blucora, Inc.'s Motion to Compel Deposition is vacated.

The arbitrator's April 1, 2022 order granting the parties' joint agreed motion to dismiss remains in effect.

It is **ORDERED** that appellant JOHN CLENDENING recover his costs of this appeal from appellee BLUCORA, INC.

Judgment entered this 7th day of March 2024.