**AFFIRMED and Opinion Filed March 7, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00263-CV**

**CAMPBELL BURGESS, FCCAI, LLC BURGESS CHAIN-C SERIES, JHJ -
EX NO. 1, LLC, JSB ESTATE - EX NO. 1, LLC, CHAIN C - EX NO. 1, LLC,
THOMAS - EX NO. 1, LLC, SLEMP - EX NO. 1, LLC, JHJ - EX NO. 2,
LLC, JSB ESTATE - EX NO. 2, LLC, CHAIN C - EX NO. 2, LLC, THOMAS
- EX NO. 2, LLC, AND SLEMP - EX NO. 2, LLC, Appellants
V.
GR CHAPMAN LIMITED PARTNERSHIP, GEORGE CHAPMAN, AND
KAREN CHAPMAN, Appellees**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-03911**

## MEMORANDUM OPINION
Before Justices Molberg, Pedersen, III, and Smith
Opinion by Justice Smith

Appellants appeal the trial court's judgment confirming the arbitration award

for appellees and denying appellants' application to vacate the award. Because we

conclude that the arbitrator did not exceed his powers, we affirm the trial court's

judgment.

## Procedural and Factual Background[1]

Appellant Campbell Burgess and appellee George Chapman entered into multiple agreements to develop real estate in and around Potter County, Texas; Chapman contributed land and Burgess contributed cash and liquidity.[2] The two relevant company agreements contained identical arbitration provisions requiring any dispute among the members of the company agreements regarding the interpretation of the agreements or the rights and obligations of any member to be resolved through binding arbitration in Dallas, Texas. Such a dispute arose, and appellees filed a claim with the American Arbitration Association seeking recission of the company agreements and related transactions, as well as special damages to unwind the transactions. In the alternative, appellees sought monetary and exemplary damages for breach of fiduciary duties, fraud, breach of contract, and failure to perform and disclose. Appellants sought damages in the form of a buy-out price, i.e. the loan amounts, expenses, and capital they contributed.

After a hearing, the arbitrator issued a detailed award, finding sufficient credible evidence that appellants were the actual, proximate, and producing cause of damages to appellees and awarding appellees recission of the operating agreements,

---

[1] The underlying facts of this case and contractual relationships are well known to the parties; thus, we limit our discussion of the facts to those relevant to our determination of whether the trial court erred in confirming the arbitration award. *See* TEX. R. APP. P. 47.1.

[2] Appellee GR Chapman Limited Partnership owned the properties Chapman contributed. Appellee Karen Chapman is George Chapman's wife. The remaining appellants are LLCs, which were created to purchase a half interest in Chapman's properties.

as well as $14 million in lost profits damages, $228,890.80 in professional fees, and $100 in exemplary damages. The final award to appellees, after various offsets and credits to appellants, was $4,145,659.45.

Appellees filed a motion to confirm the arbitration award in the trial court, and appellants filed a motion to vacate the award. After a hearing, the trial court entered a final order and judgment granting appellees' motion to confirm, modifying the award to delete certain language not relevant to this appeal, and denying appellants' motion to vacate. Appellants filed a motion for new trial, which was overruled by operation of law, and this appeal followed.

On appeal, appellants challenge the $14 million lost profits award for two reasons. First, they contend it amounts to a double recovery. Second, even if it is not a double recovery, it should be reduced by fifty percent per a contractual provision that exists between the parties.

In their first issue, appellants argue that the arbitrator exceeded his power by providing appellees with a remedy Texas law prohibits, specifically a double recovery of both rescission of the agreements and $14 million in lost profits damages. Appellants assert that we can review this issue under expanded judicial review of the arbitration award. In their second issue, appellants contend that the arbitrator exceeded his powers, even under restricted judicial review, by failing to draw the award from the essence of the parties' agreements in that appellees were

awarded 100% of the hypothetical lost profits when the agreements provided that the parties would split any profits fifty, fifty.

## Arbitrator's Powers

Under the Texas Arbitration Act (TAA)[3], judicial review of an arbitration award and the trial court's authority to vacate such award is limited to one of the enumerated statutory grounds. *Hoskins v. Hoskins*, 497 S.W.3d 490, 493–94 (Tex. 2016). One of these limited grounds is if the arbitrator exceeded his powers. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A); *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 90 (Tex. 2011). The arbitrator derives his power from the parties' arbitration agreement. *Nafta Traders*, 339 S.W.3d at 90. Thus, an arbitrator exceeds his powers when the award fails to draw its essence from the underlying contract. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 830 (Tex. App.—Dallas 2009, no pet.). An award draws its essence from the contract when it is derived from the wording or the purpose of the contract. *Id.* Although the arbitrator may not ignore the plain language of the contract, we cannot, under a restricted judicial review, vacate an award based upon the ground that the arbitrator made a mistake in law or fact when issuing the award. *Id.* at 826, 830.

Nevertheless, the Supreme Court of Texas has determined that, under the TAA, parties can contract to prohibit the arbitrator from making a legal error. *Nafta*

---

[3] The parties do not dispute that the TAA applies.

*Traders*, 339 S.W.3d at 91–97, 101. Such agreement thereby allows for expanded judicial review of the award to determine whether the arbitrator committed reversible error. *Id.* The agreement to expand judicial review must be clear and unambiguous. *Id.* at 101, 101 n.78. "[A]bsent clear agreement, the default under the TAA . . . is restricted judicial review." *Id.* at 101.

The arbitration section at issue in *Nafta* provided, "The arbitrator does not have authority (i) to render a decision which contains a reversible error of state or federal law, or (ii) to apply a cause of action or remedy not expressly provided for under existing state or federal law." *Id.* at 88. The supreme court concluded that such language limiting the arbitrator's authority was, in effect, an agreement between the parties to expand, the otherwise restricted, judicial review. *Id.* at 102.

The arbitration agreements at issue here provided that the arbitrators may "act upon their understanding or interpretation of the law on any issue without the obligation to research the issue or accept or act upon briefs of the issue prepared by any party." The arbitration agreement could be modified, which the parties did in their First Amended Agreed Scheduling Order. This scheduling order provided in relevant part that "[t]he laws of the State of Texas govern[] the subject matter of this arbitration." Appellants argue that this language was an agreement by the parties to limit the arbitrator's power, and thus to expanded judicial review. We disagree that this language is a clear agreement to expand judicial review of the arbitration award.

In *Jones v. Carlos & Parnell, M.D., P.A.*, we concluded that identical language in a scheduling order was "far different" from the language at issue in *Nafta* and did not establish that the parties "'clearly' agreed[] to alter and expand the TAA's statutory review standard." No. 05-17-00329-CV, 2017 WL 4930896, at *2–3 (Tex. App.—Dallas Oct. 31, 2017, pet. denied) (mem. op.). "Being directed to apply a particular law . . . is far different from so clearly depriving the arbitrator of the power to make any error in that application as to open the resulting award to second guessing by a court in a subsequent confirmation proceeding." *Id.* at *3.

We reach the same conclusion here. Because we conclude that the parties did not contract to constrain the arbitrator from making a reversible error like the parties in *Nafta*, we cannot exercise expanded judicial review to decide whether the arbitrator's award was prohibited as a double recovery under Texas law. *See Forest Oil Corp. v. El Rucio Land & Cattle Co., Inc.*, 518 S.W.3d 422, 431 (Tex. 2017) ("In determining whether an arbitrator has exceeded his authority, the proper inquiry is not whether the arbitrator decided an issue correctly, but rather, whether he had the authority to decide the issue at all."); *see also* TEX. CIV. PRAC. & REM. CODE § 171.090 ("The fact that the relief granted by the arbitrators could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award."); *Hoskins*, 497 S.W.3d at 495 (argument that arbitrator manifestly disregarded the law cannot be characterized as an assertion that the arbitrator exceeded his powers). As such, we cannot conclude that the arbitrator

exceeded his powers when he fashioned an award based on the claims submitted to arbitration and the relief sought by appellees. We overrule appellants' first issue.

In appellants' second issue, they contend that the arbitrator exceeded his powers by failing to draw the award from the essence of the parties' agreements in that appellees were awarded 100% of the hypothetical lost profits when the agreements provided that the parties would split any profits fifty, fifty. Appellants' argument is based on the premise that Chapman and Burgess each owned a fifty percent interest in the properties. Thus, any profits were required to be split evenly between them. We disagree that the arbitrator's award fails to draw its essence from the contract.

Here, the arbitrator found that appellants committed breach of their fiduciary duties, fraud, breach of contract, and failure to perform and disclose. The arbitrator awarded appellees lost profits from real estate development that would have occurred but for appellants' actions or inactions. The contracts at issue do not mandate a specific award against a breaching party, nor does the arbitration agreement limit the type or amount of award the arbitrator could issue. *See, e.g., Townes Telecomms., Inc. v. Travis, Wolff & Co., L.L.P.*, 291 S.W.3d 490, 492–94 (Tex. App.—Dallas 2009, pet. denied) (arbitration agreement expressly required the arbitration panel to designate the non-prevailing party to bear the costs of both sides and prohibited the panel from allocating the costs between the parties; thus, the panel acted in direct contravention and exceeded the powers granted to it by the parties).

–7–

The arbitrator received evidence, both a report and testimony, from the parties' experts as to lost profits and found that the lost profits to B & C Operating, LLC, which included GR Chapman Limited Partnership and FCCAI, LLC Burgess Chain-C Series as members, were $14 million. The arbitrator chose to award the full amount to appellees.

We conclude that the arbitrator's award was "rationally inferable" from the parties' contracts where the purpose of the parties' contracts was to develop real estate for profit. *See Ancor Holdings*, 294 S.W.3d at 830 (an award draws its essence from the contract when it is rationally inferable from the contract, that is when it is derived from the wording or the purpose of the contract). As with appellants argument that the lost profits award was a double recovery, we cannot expand our review to determine the legal issue of whether $14 million was the proper amount of lost profits awarded under the evidence submitted at arbitration. *See id.* (under restricted judicial review, we cannot vacate an award based upon the ground that the arbitrator misread the contract or made a mistake in law or fact when issuing the award). We overrule appellants' second issue.

**Conclusion**

Having overruled appellants' two issues on appeal challenging whether the arbitrator exceeded his powers, we affirm the judgment of the trial court confirming the arbitration award.

/Craig Smith/
CRAIG SMITH
JUSTICE

2320263F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CAMPBELL BURGESS,
FCCAI, LLC BURGESS CHAIN-C
SERIES, JHJ - EX NO. 1, LLC,
JSB ESTATE - EX NO. 1, LLC,
CHAIN C - EX NO. 1, LLC,
THOMAS - EX NO. 1, LLC,
SLEMP - EX NO. 1, LLC,
JHJ - EX NO. 2, LLC,
JSB ESTATE - EX NO. 2, LLC,
CHAIN C - EX NO. 2, LLC,
THOMAS - EX NO. 2, LLC, AND
SLEMP - EX NO. 2, LLC Appellants

No. 05-23-00263-CV      V.

GR CHAPMAN LIMITED
PARTNERSHIP, GEORGE
CHAPMAN, AND KAREN
CHAPMAN, Appellees

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-03911.
Opinion delivered by Justice Smith.
Justices Molberg and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees GR CHAPMAN LIMITED PARTNERSHIP, GEORGE CHAPMAN, and KAREN CHAPMAN recover their costs of this appeal from appellants CAMPBELL BURGESS, FCCAI, LLC BURGESS CHAIN-C SERIES, JHJ - EX NO. 1, LLC, JSB ESTATE - EX NO. 1, LLC, CHAIN C - EX

–10–

NO. 1, LLC, THOMAS - EX NO. 1, LLC, SLEMP - EX NO. 1, LLC, JHJ - EX NO. 2, LLC, JSB ESTATE - EX NO. 2, LLC, CHAIN C - EX NO. 2, LLC, THOMAS - EX NO. 2, LLC, and SLEMP - EX NO. 2, LLC.


Judgment entered this 7th day of March 2024.