**Affirmed as Modified and Opinion filed February 20, 2014.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-12-01150-CV

**D.R. HORTON–TEXAS, LTD., Appellant**

**V.**

**WILLIAM BERNHARD AND NADIA BERNHARD, Appellees**

**On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 61112**

## O P I N I O N

William Bernhard and Nadia Bernhard sued D.R. Horton–Texas, Ltd. for damages resulting from a construction defect in the home the Bernhards purchased from D.R. Horton. Pursuant to the sales contract, the trial court referred the case to arbitration. The arbitrator awarded the Bernhards a total of $114,477.45 in

damages, which included $31,027.93 in attorney's fees as "economic damages" under the Residential Construction Liability Act (RCLA).[1]

However, the arbitration paragraph of the sales contract provided: "Each party shall bear the fees and expenses or [sic] counsel, witnesses and employees of such party, and any other costs and expenses incurred for the benefit of such party." D.R. Horton moved to vacate the arbitrator's award of attorney's fees, but the trial court signed a final judgment in accordance with the arbitration award and further awarded appellate attorney's fees to the Bernhards in the amounts of $18,500 for an appeal from the trial court's judgment and $25,000 for an appeal from this court's judgment.

D.R. Horton appealed, contending in two issues that the trial court erred by (1) enforcing the attorney's fees portion of the arbitration award and (2) awarding additional attorney's fees for appealing the enforcement of the arbitration award. We overrule D.R. Horton's first issue and sustain D.R. Horton's second issue. Thus, we modify the trial court's judgment by striking the award of appellate attorney's fees, and we affirm the trial court's judgment as modified.

## CONFIRMATION OF THE ARBITRATOR'S AWARD OF ATTORNEY'S FEES

In its first issue, D.R. Horton contends the trial court erred by enforcing the arbitrator's award of attorney's fees because the arbitrator exceeded his power under the Texas Arbitration Act (TAA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(3)(A). The Bernhards respond that D.R. Horton waived this issue and that "D.R. Horton's stipulation concerning the primacy of Chapter 27 cannot be reviewed or overturned," citing case law concerning "mutual mistake." We hold that the arbitrator did not exceed his power, and because we overrule D.R.

---

[1]*See* Tex. Prop. Code Ann. § 27.004(g)(6) (allowing a claimant to recover reasonable and necessary attorney's fees as economic damages in a residential construction liability case).

2

Horton's first issue on the merits, we do not address the Bernhards' waiver and mutual mistake arguments. *See* Tex. R. App. P. 47.1.

We review de novo a trial court's decision to confirm or vacate an arbitration award. *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 844 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). The TAA provides that a court must vacate an award if the arbitrator exceeded his powers. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(3)(A). "In arbitration conducted by agreement of the parties, the rule is well established that an arbitrator derives his power from the parties' agreement to submit to arbitration." *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 89–91 (Tex. 2011) (quotation omitted). As with any contract, the parties' intentions control, and "courts and arbitrators must give effect to the contractual rights and expectations of the parties." *Id.* (quotation omitted).

Accordingly, an arbitrator exceeds his authority when he disregards the contract and dispenses his own idea of justice. *See Forged Components, Inc. v. Guzman*, 409 S.W.3d 91, 104 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Townes Telecomms., Inc. v. Travis, Wolff & Co.*, 291 S.W.3d 490, 494 (Tex. App.—Dallas 2009, pet. denied); *see also Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 (2013). However, an arbitrator does not exceed his authority simply because he may have misinterpreted the contract or misapplied the law. *See Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 830 (Tex. App.—Dallas 2009, no pet.) ("Thus, improvident, even silly interpretations by arbitrators usually survive judicial challenges." (quotation omitted)); *see also Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 266 (Tex. App.—Houston [14th Dist.] 1995, no writ). "[A]n arbitrator does not exceed her authority by committing a mistake of law, but instead by deciding a matter not properly before her." *LeFoumba v. Legend Classic Homes*, Ltd., No. 14-08-

3

00243-CV, 2009 WL 3109875, at *3 (Tex. App.—Houston [14th Dist.] Sept. 17, 2009, no pet.) (mem. op.); *accord Ancor Holdings*, 294 S.W.3d at 830. "Thus, the appropriate inquiry is not whether the arbitrator decided an issue ***correctly***, but instead whether she had the authority to decide the issue ***at all***." *LeFoumba*, 2009 WL 3109875, at *3.

The Bernhards included a request for attorney's fees in their original petition, and the trial court did not except this request from arbitration in its order of referral to arbitration. Nor did D.R. Horton ask the trial court to except from arbitration the issue of attorney's fees when D.R. Horton asked the trial court to compel arbitration. The arbitrator noted in his final award that he considered "affidavits regarding attorneys fees submitted by agreement of the parties." He reasoned, "The Contract does not limit or expand the damages recovery rights provided for by Chapter 27," specifically concluding that attorney's fees were "'economic damages' under Chapter 27 — not in the Arbitrator's opinion precluded by Contract arbitration clause." When D.R. Horton objected to the award of attorney's fees, the arbitrator again explained, "The separate provision in the Contract for each party to bear its own attorney fees necessarily, then, is qualified in terms of a Chapter 27 recovery."

We pass no judgment on whether the arbitrator made a correct decision under the law and facts of this case. But the issue of attorney's fees was clearly submitted to the arbitrator, and the arbitrator consulted the contractual provisions and statutes regarding attorney's fees when reaching his conclusion. Under these circumstances, we cannot conclude that the arbitrator exceeded his authority by awarding attorney's fees. *Cf. Saipem Am. v. Wellington Underwriting Agencies Ltd.*, 335 F. App'x 377, 381 (5th Cir. 2009) (arbitrators did not exceed their powers under the Federal Arbitration Act; "Because the parties submitted the issue of

4

attorney's fees to the tribunal in the Terms of Reference, the tribunal properly considered the issue.").

D.R. Horton notes that the Dallas Court of Appeals found an excess of the arbitrators' authority in *Townes Telecommunications*, where the arbitration panel split the costs and attorney's fees among the parties despite the arbitration agreement providing that all reasonable costs, including attorney's fees, for both parties "shall be borne entirely by the non-prevailing party (to be designated by the arbitration panel in the award) and may not be allocated between the parties by the arbitration panel." 291 S.W.3d at 492–93. Although the trial court confirmed the award in its entirety, the court of appeals reversed and vacated the award as it related to costs. *Id.* at 494. The court of appeals reasoned that the arbitrators exceeded their powers because they "acted in direct contravention of the agreement." *Id.*

However, the contract at issue here did not define the authority or requirements of an arbitrator concerning attorney's fees like the one in *Townes Telecommunications*. The contract does not specifically prohibit an arbitrator from awarding attorney's fees as damages in accordance with the RCLA; the contract merely states that each party "shall bear the fees and expenses o[f] counsel." To interpret the attorney's fees provision in this contract as one defining the powers of an arbitrator would be to convert every contractual provision into a sword for attacking the arbitrator's decision—a misinterpretation or misapplication of any contractual provision would be an "excess of power" by an arbitrator. But that is not the law. *See, e.g.*, *LeFoumba*, 2009 WL 3109875, at *3; *Ancor Holdings*, 294 S.W.3d at 830.

Further, we note that the TAA specifically identifies when an arbitrator must award attorney's fees: "The arbitrators shall award attorney's fees as additional

sums required to be paid under the award only if the fees are provided for: (1) in the agreement to arbitrate; or (2) by law for a recovery in a civil action in the district court on a cause of action on which any part of the award is based." Tex. Civ. Prac. & Rem. Code Ann. § 171.048(c). The RCLA authorizes an award of attorney's fees for the Bernhards as economic damages, thus satisfying a condition for the arbitrator to award attorney's fees. *See Preston v. Dyer*, No. 09-11-00200-CV, 2012 WL 5960193, at *5–6 (Tex. App.—Beaumont Nov. 29, 2012, pet. denied) (mem. op.) (arbitrator did not exceed authority by awarding attorney's fees despite agreement among the parties to the contrary when there was an applicable statute authorizing recovery of attorney's fees).

And finally, the arbitrator's decision was not so irrational or devoid of authority that he was merely dispensing his own idea of justice.[2] The arbitrator relied on a contractual provision stating the contract was "subject to" the RCLA, and the arbitrator determined that the RCLA's enumeration of attorney's fees as economic damages was controlling over the provision in the contract that each party would bear its own fees. Given that a reviewing court's role is not to determine whether the arbitrator correctly applied the law, but rather whether the arbitrator had authority to decide the attorney's fee issue *at all*, we render no opinion on the merits of the arbitrator's decision. *See LeFoumba*, 2009 WL 3109875, at *3.

The arbitrator did not exceed his authority, and the trial court did not err by confirming the arbitration award in its entirety. D.R. Horton's first issue is overruled.

---

[2] *See Ancor Holding*s, 294 S.W.3d at 830 (noting that an award must be "rationally inferable, if not obviously drawn," from the contract; the award "must, in some logical way, be derived from the wording or purpose of the contract" (quotations omitted)).

## TRIAL COURT'S AWARD OF APPELLATE ATTORNEY'S FEES

In its second issue, D.R. Horton contends the trial court erred by awarding the Bernhards attorney's fees of $18,500 for appealing the trial court's judgment and $25,000 for appealing this court's judgment. We agree.

When an arbitrator decides the issue of attorney's fees, a trial court ordinarily may not modify the award to include additional appellate attorney's fees. *See Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 436 (Tex. App.—Dallas 2004, pet. denied) ("If an arbitration award includes an award of attorneys' fees, a trial court may not award additional attorney fees for enforcing or appealing the confirmation of the award, unless the arbitration agreement provides otherwise."); *see also Cooper v. Bushong*, 10 S.W.3d 20, 26 (Tex. App.—Austin 1999, pet. denied) (trial court erred by lowering the arbitrator's award to reflect the cost of attorney's fees by the losing party because the arbitrator had already determined the issue of attorney's fees); *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 236 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (trial court correctly denied request for attorney's fees related to confirmation of the arbitration award because the issue of attorney's fees had already been submitted to and decided by the arbitrator).

Accordingly, there is no basis for modifying the arbitrator's award with additional attorney's fees for appeals. The Bernhards have not identified, either before the trial court or this court, any statutory basis under the TAA for modification of the arbitrator's award to include appellate attorney's fees, and we find none applicable.[3] The Bernhards contend the modification is justified by this court's decision in *Baker Hughes Oilfield Operations, Inc. v. Henning Production*

---

[3] *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.091 (identifying the procedure and grounds for modifying an arbitration award).

7

*Co.*, 164 S.W.3d 438 (Tex. App.—Houston [14th Dist.] 2005, no pet.). However, in *Baker Hughes*, this court merely affirmed the trial court's modification of the arbitrator's award to include an omitted date for the accrual of prejudgment interest. *Id.* at 446–47. The arbitrator had already awarded prejudgment interest. *Id.* at 447. This court specifically relied on the statutory basis for modifying an award: "the form of the award is imperfect in a manner not affecting the merits of the controversy." *Id.* (quoting Tex. Civ. Prac. & Rem. Code Ann. § 171.091(a)(3)). This court did not approve of awarding *additional* relief, and it distinguished the trial court's conduct from other impermissible modifications, such as adding prejudgment interest in its entirety or altering the interest rate. *See id.* at 447–48. Here, the trial court's award of appellate attorney's fees is an award of additional relief.

D.R. Horton's second issue is sustained.

## CONCLUSION

Having overruled D.R. Horton's first issue and sustained the second, we modify the trial court's judgment by striking the awards of attorney's fees for an appeal from the trial court's judgment and an appeal from this court's judgment—respectively $18,500 and $25,000. We affirm the trial court's judgment as modified.

/s/    Sharon McCally
       Justice

Panel consists of Justices McCally, Busby, and Wise.

8