In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00009-CV
_____

**MARK O. MIDANI AND MIDANI, HINKLE & COLE, LLP, Appellants**

**V.**

**ELIZABETH SMITH, Appellee**

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. E-197,802**

**MEMORANDUM OPINION**

The appellants, Mark O. Midani ("Midani") and Midani, Hinkle & Cole, LLP ("MHC"), appeal the trial court's entry of judgment on the arbitration award in favor of Elizabeth Smith, the appellee. In four issues, the appellants argue that the trial court erred by (1) failing to vacate the arbitrator's award because the arbitrator exceeded his powers by failing to follow Texas law; (2) denying MHC's motion to modify the arbitrator's award or the trial court's final judgment to comply with Texas law; (3) denying Midani due process by failing to vacate the arbitration award; and

(4) holding Midani in contempt for failing to answer post-judgment discovery after Midani had filed a supersedeas bond. We affirm the trial court's judgment.

Background

In January 2011, Smith went to Dr. Katherine Olson Triska ("Triska"), an endodontist, for a root canal, and due to complications from the surgery, Smith had to return for a second endodontic procedure. According to Smith, Triska negligently administered excessive amounts of calcium hydroxide to the surgical site during the second procedure, causing Smith permanent nerve damage and resulting in significant pain, numbness, and paresthesia on the left side of Smith's face. In September 2012, Smith retained MHC to represent her in a dental malpractice claim against Triska. The written employment agreement authorized MHC to employ associate counsel to assist in prosecuting Smith's claim, and provided that upon giving reasonable notice to Smith, MHC may withdraw from representing Smith at any time.

The written agreement contains a binding arbitration provision that states as follows:

> If client(s) have a dispute or claim against anyone employed under this agreement and the dispute or claim arises out of, is related to, or concerns any aspect of this agreement or services performed or not performed under this agreement, all such disputes or claims shall be submitted to ***BINDING ARBITRATION***. . . . [N]o legal proceedings may be instituted except to enforce the award of the

2

arbitrator or to preserve the jurisdiction, of any court with existing jurisdiction of any of the parties, whether related or not to this agreement.

The arbitration provision provides that "[t]he arbitrator's decision shall be based on evidence submitted and governed by the Texas Rules of Civil Procedure, Texas Rules of Evidence, and statutory and case law. The decisions shall be based on a preponderance of the evidence." The arbitration provision also states that "[t]he award shall be *final and binding* on Attorney and client(s)."

In November 2015, Smith filed a legal malpractice case against the appellants, claiming that the appellants' legal malpractice caused her underlying dental malpractice case to be dismissed. According to Smith's petition, David Hutchins ("Hutchins") and Midani were working at MHC in March 2013, when they filed a medical liability claim against Triska, seeking damages for Smith's medical expenses, lost wages, pain and suffering, mental and emotional distress, and physical impairment. In her petition, Smith states that Hutchins left MHC in July 2013, but MHC and Midani remained as her counsel and owed her a duty of care because neither withdrew from her case. According to Smith, Hutchins continued to work on her case after he left MHC and while working for HBH. Smith alleged that in June 2015, Hutchins advised her that the trial court had dismissed her case for no apparent reason and that there was nothing more he could do for her. Smith alleged that after

3

she retained new counsel, she learned that the trial court dismissed her case because neither Hutchins, Midani, nor any other lawyer from MHC or HBH appeared at her trial setting. According to Smith, Hutchins attempted to conceal the reason that her case was dismissed.

Smith's legal malpractice case against the appellants alleged claims for negligence, gross negligence, and violation of the Deceptive Trade Practices Act, and Smith also pleaded that the legal theory of respondeat superior applied, making the law firms liable for their attorney's alleged malpractice. According to Smith's pleading, the liability and responsibility of the appellants is vicarious, joint, and several, because the acts complained of are attributable to the conduct of the individual appellants, who were attorneys associated with their law firms and who owed Smith a fiduciary duty of care.

Midani and MHC moved to compel arbitration of Smith's legal malpractice claim, and the trial court granted the motion. The arbitrator issued an award in Smith's favor. The arbitrator found that after Hutchins left the employment of MHC, Hutchins continued to act as MHC's agent and associate counsel to carry out and perform MHC's and Midani's duties to Smith. The arbitrator found that MHC and Midani are directly and vicariously liable for Hutchins's negligence. On Smith's negligence claim against Hutchins, Midani, and MHC, the arbitrator awarded Smith

4

$250,000 in noneconomic damages, $100,000 in economic actual damages for loss of household services, and $8,899.86 in economic actual damages for past and future medical costs. The arbitrator also awarded Smith $100,000 in exemplary damages for gross negligence against Hutchins, but did not find that MHC is vicariously liable for Hutchins's gross negligence. The arbitrator determined that Midani is 75% responsible for Smith's harm and damages, MHC is 5% responsible, and Hutchins is 20% responsible. The arbitration award states that "[t]his is a final award disposing of all claims by all parties. All relief sought by any party that is not granted herein is denied."

Smith moved to enter final judgment on the arbitrator's award, but Midani and MHC moved to vacate, modify, or correct the arbitrator's final award. During the hearing on the motion to vacate, counsel for Midani and MHC argued that the trial court should vacate the award because the arbitrator exceeded the scope of his power by failing to follow Texas law. Counsel for Midani and MHC argued that the arbitrator should not have held Midani and MHC vicariously liable for the act of Hutchins, and further argued that because the arbitrator held MHC liable for the acts of Hutchins, the arbitrator should not have apportioned responsibility. According to Midani's and MHC's counsel, the arbitrator's allocation of the percentages of responsibility is inconsistent with the arbitrator's finding on gross negligence.

5

In October 2017, the trial court entered a final judgment on the arbitrator's award and denied Midani's and MHC's motion to vacate the arbitrator's award. In November 2017, Midani and MHC filed a motion to either reform the judgment or grant a new trial, and during the hearing on the motion, Smith's counsel argued that the trial court could not review the arbitrator's award because the arbitration provision is final and binding and does not allow for expanded judicial review, and because the defendants failed to present a complete record of the arbitration proceedings. The trial court denied Midani's and MHC's motion to either reform the judgment or grant a new trial, and Midani and MHC filed a notice of appeal.

Subsequently, Smith served post-judgment discovery to aid in enforcing the judgment against Midani and MHC, but Midani and MHC objected to answering the discovery because a notice of appeal had been filed and the defendants were seeking to suspend the enforcement of the judgement under Rule 24.1 of the Texas Rules of Appellate Procedure. Smith filed a motion to compel post-judgment discovery responses from Midani and MHC so she could execute on Midani's non-exempt property, noting that Midani did not purchase a supersedeas bond when he filed his notice of appeal. The trial court granted Smith's motion to compel, ordering Midani and MHC to respond to discovery without objection by February 21, 2018, unless a valid supersedeas bond was made by that date.

6

On February 22, 2018, Smith filed a motion for contempt and sanctions because Midani and MHC failed to respond to discovery or purchase a supersedeas bond. The record shows that Midani filed a supersedeas bond on February 23, and on February 28, Midani filed a motion asking the trial court to stay any further execution activities pending the outcome of the appeal, including Smith's motion for contempt and sanctions. On March 1, the trial court conducted a hearing on Smith's motion for contempt and sanctions, and during the hearing, counsel for Midani and MHC explained to the trial court that Midani had used his best efforts to get the bond within the time limit the trial court had ordered, but the process had taken two extra days. Counsel for Midani and MHC advised the trial court that he had informed Smith's counsel about the delay prior to Smith filing the motion for contempt and sanctions. Smith's counsel agreed that he had been informed but claimed that the appellants had started the process late and had previously told him that the bond was coming, and the delay had forced Smith to file a motion to compel to force the appellants to file the bond. The trial court entered an order (1) finding Midani and MHC in contempt, (2) ordering Midani and MHC to pay Smith's attorney's costs related to pursuing Smith's motion to compel, and (3) denying Smith's request for sanctions.

Analysis

In issues one and two, the appellants argue that the trial court erred by failing to vacate the arbitrator's award and by denying MHC's motion to modify the arbitrator's award or the trial court's final judgment because the arbitrator allegedly failed to follow the dictates of the arbitration agreement, decided matters not before him, and exceeded his powers by failing to follow Texas law. According to the appellants, the arbitrator's findings concerning direct liability, individual liability, vicarious liability, agency, and proportionate liability do not comport with Texas law. The appellants argue that the arbitrator failed to follow Texas law by awarding Smith damages for loss of household services, which the appellants contend Smith is not entitled to recover, because a cause of action for loss of household services would belong to Smith's spouse, who was not a party to the lawsuit. The appellants further argue that the arbitrator exceeded his powers by making liability findings that are not supported by the pleadings.

Smith argues that the trial court's judgment should be affirmed because the language of the arbitration provision limits judicial review by providing that the arbitrator's award shall be final and binding on the parties and stating that no legal proceedings may be instituted except to enforce the award or to preserve jurisdiction. According to Smith, even if the arbitrator failed to properly apply the law or

committed a gross mistake, mistakes of law or fact are not grounds for vacating or modifying the award. Smith argues that the arbitrator did not exceed his powers because all the claims decided by the arbitrator fall within the scope of the arbitration provision and are final and binding. Smith also maintains that the appellants failed to present a complete record of the arbitration proceedings to establish a basis for vacating the award.

We review a trial court's decision to vacate an arbitration award de novo based on the entire record, indulging all reasonable presumptions to uphold the arbitration award. *Cambridge Legacy Grp., Inc. v. Jain*, 407 S.W.3d 443, 447 (Tex. App.—Dallas 2013, pet. denied). Because an arbitration award has the same effect as a judgment of a court of last resort, it is presumed valid and entitled to great deference. *Id.* Judicial review of an arbitration award is so limited that even a mistake of law or fact by the arbitrator in applying substantive law is not a proper ground for vacating an award. *Id.* at 448. The party seeking to vacate an arbitration award bears the burden of bringing forth a complete record that establishes the necessary grounds for vacating the award. *Centex/Vestal v. Friendship West Baptist Church*, 314 S.W.3d 677, 684 (Tex. App.—Dallas 2010, pet. denied); *Statewide Remodeling. Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.).

Section 171.087 of the Texas Arbitration Act (TAA) states that on application of a party, the court shall confirm the arbitration award unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091. Tex. Civ. Prac. & Rem. Code Ann. § 171.087 (West 2011). Section 171.088 states that the court shall vacate an award if the arbitrator exceeded his powers. *Id.* § 171.088(a)(3)(A) (West 2011). "In determining whether an arbitrator has exceeded his authority, the proper inquiry is not whether the arbitrator decided an issue correctly, but rather, whether he had the authority to decide the issue at all." *Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 431 (Tex. 2017). "[A] complaint that the arbitrator decided the issue incorrectly or made a mistake of law is not a complaint that the arbitrator exceeded his powers." *Centex/Vestal*, 314 S.W.3d at 686. Thus, "a mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award." *Id.* at 683; *see* Tex. Civ. Prac. & Rem. Code Ann. § 171.090 (West 2011) (stating that the fact the relief granted by the arbitrator could not be granted by a court of law is not a ground for vacating or refusing to confirm the award). Section 171.091 provides, among other things, that a court shall modify or correct an award if the arbitrator made an award with respect to a matter not submitted to the arbitrator and the award may be

10

corrected without affecting the merits of the decision concerning issues that were submitted. *Id.* § 171.091(a)(2) (West 2011).

Judicial review of an arbitration award is extremely narrow because Texas law strongly favors the arbitration of disputes. *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016). The arbitrator derives his powers from the parties' agreement to submit to arbitration. *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 90 (Tex. 2011). Generally, the TAA does not prohibit parties from agreeing to limit the authority of an arbitrator in deciding a matter and thus allows for judicial review of an arbitration award for reversible error. *Id.* at 96. In the absence of a clear agreement to limit the arbitrator's authority and expand the scope of judicial review, this Court may not exercise expanded judicial review. *See Forest Oil Corp.*, 518 S.W.3d at 432.

Here, the arbitration provision provides that clients who "have a dispute or claim against anyone employed under this agreement and the dispute or claim arises out of, is related to, or concerns any aspect of this agreement or services performed or not performed under this agreement, all such disputes or claims shall be submitted to ***BINDING ARBITRATION***." The arbitration provision also limits judicial review, stating that "no legal proceedings may be instituted except to enforce the award of the arbitrator or to preserve the jurisdiction[.]" Based on the clear language of the arbitration provision, the trial court only has the power to enforce the award

11

issued by the arbitrator or preserve jurisdiction. [ Even though the arbitration provision requires the arbitrator to render a decision based on the evidence and governed by the Texas Rules of Civil Procedure, Texas Rules of Evidence, and statutory and case law, such language is not sufficient to expand the scope of judicial review. *See Forest Oil Corp.*, 518 S.W.3d at 431-32 (holding that arbitration agreement clearly expanded the scope of judicial review by stating that the arbitrator's decisions applying the Texas Rules of Civil Procedure are subject to the parties' right to apply for relief to the district court).

In *Nafta Traders*, the parties' arbitration agreement clearly limited the arbitrator's authority to that of a judge, whose decisions are reviewable on appeal. *Hoskins*, 497 S.W.3d at 494; *see Nafta Traders*, 339 S.W.3d at 93. Here, the arbitration provision does not provide for expanded judicial review because the language does not clearly restrict the arbitrator's authority to issue a decision unsupported by the law. *See Forest Oil Corp.*, 518 S.W.3d at 432; *Hoskins*, 497 S.W.3d at 495. Thus, our review of the arbitration award is so limited that even a mistake of law or fact by the arbitrator in the application of substantive law is not a proper ground for vacating or refusing to confirm the award. *Cambridge Legacy Grp.*, 407 S.W.3d at 448; *Centex/Vestal*, 314 S.W.3d at 683; *see* Tex. Civ. Prac. & Rem. Code Ann. § 171.090. Under the TAA, vacatur is limited to the grounds

12

expressly provided by the statute, which includes the ground that the arbitrator exceeded his power. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(3)(A); *Hoskins*, 497 S.W.3d at 495.

In issue one and two, appellants argue that the arbitrator incorrectly decided the case because he failed to properly apply the law; however, complaints that the arbitrator failed to follow Texas law cannot be characterized as assertions that the arbitrator exceeded his authority. *See Hoskins*, 497 S.W.3d at 495; *see also Forest Oil Corp.*, 518 S.W.3d at 432. Because appellants' contentions that the arbitrator decided the case incorrectly and failed to follow Texas law are not grounds to vacate the award, we conclude that the trial court did not err by failing to vacate the arbitrator's award or by denying Midani's and MHC's motion to modify the arbitrator's award or the trial court's final judgment based on these grounds.

The appellants also argue that the arbitrator exceeded his powers by deciding matters not properly before him and that are not supported by the pleadings. Specifically, the appellants complain about the arbitrator's finding that Midani and MHC are vicariously liable for the conduct of Hutchins by negligently entrusting the handling of Smith's lawsuit to Hutchins.

An arbitrator exceeds his powers when he disregards the parties' agreement to submit to arbitration and dispenses his own idea of justice. *D.R. Horton-Tex., Ltd.*

13

*v. Bernhard*, 423 S.W.3d 532, 534 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). The scope of the arbitrator's authority depends on the language in the arbitration provision and is limited to deciding matters submitted therein either expressly or by necessary implication. *Centex/Vestal*, 314 S.W.3d at 684. Thus, we look to the agreement to see if the arbitrator had the authority to decide the issue at all. *See Bernhard*, 423 S.W.3d at 534. Arbitrators do not exceed their authority when the matter addressed is one which the parties agreed to arbitrate. *Centex/Vestal*, 314 S.W.3d at 684, 686. Any doubts concerning the scope of what is arbitrable are resolved in favor of arbitration. *Id.* at 684.

Here, the arbitration provision provides that if Smith has "a dispute or claim against anyone employed under this agreement and the dispute or claim arises out of, is related to, or concerns any aspect of this agreement or services performed or not performed under this agreement, all such disputes or claims shall be submitted to ***BINDING ARBITRATION***." The record shows that Midani and MHC filed a motion to compel arbitration, arguing that there can be no doubt that Smith's claims fall within the scope of the arbitration agreement. The record shows that the trial court granted Midani's and MHC's motion to compel and ordered that Smith "submit all claims asserted in this litigation to binding arbitration . . . ." Having reviewed the arbitration agreement and the trial court's order compelling arbitration

and resolved any doubts concerning the scope of what is arbitrable in favor of arbitration, we conclude that all of Smith's legal malpractice claims against the appellants fall within the scope of the arbitration provision, and the arbitrator decided matters that the parties agreed to arbitrate. Because the appellants have failed to establish any grounds for vacating or modifying the arbitrator's award, we conclude that the trial court did not err in confirming the arbitration award. We overrule issues one and two.

In issue three, the appellants argue that the trial court denied Midani due process by entering judgment on the arbitrator's award despite the errors and the arbitrator exceeding his powers. Having concluded that the trial court did not err in confirming the arbitration award, we hold that the appellants' due process argument is without merit. We overrule issue three.

In issue four, the appellants argue that the trial court erred by holding Midani in contempt for failing to answer post-judgment discovery after Midani had filed a supersedeas bond. On March 14, 2018, this Court issued an order finding that the judgment had been superseded and that all enforcement must cease. *See* Tex. R. App. P. 24.1(f). This Court ordered that the trial court's contempt order of March 16, 2018, and the trial court's order of February 13, 2018, compelling the appellants to respond

15

to post-judgment discovery, are stayed until our mandate issues or until further order of this Court.

The record shows that Midani filed a supersedeas bond on February 23, but Smith persisted in her efforts to execute on the judgment, and on March 6, the trial court entered an order finding Midani and MHC in contempt for failing to respond to discovery and ordering Midani and MHC to pay Smith's attorney's costs related to pursing Smith's motion to compel. The record also shows that after Midani filed a supersedeas bond, he filed a motion asking the trial court to stay any further execution activities pending the outcome of the appeal, including Smith's motion for contempt and sanctions.

Generally, post-judgment discovery is precluded if the judgment has been suspended by a supersedeas bond. *See* Tex. R. Civ. P. 621a. Rule 24.1 of the Texas Rules of Appellate Procedure states that "[e]nforcement begun before the judgment is superseded must cease when the judgment is superseded." Tex. R. App. P. 24.1(f); *see In re Fuentes*, 530 S.W.3d 244, 251 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding). Because all efforts at execution on the judgment must cease when the judgment is superseded, the trial court's March 6, 2018, order must be vacated. We sustain issue four. Accordingly, we vacate the trial court's March 6, 2018, order

holding the appellants in contempt and requiring them to pay $2250 to Smith's attorney. We affirm the trial court's judgment on the arbitration award.

AFFIRMED IN PART, REVERSED AND RENDERED IN PART.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 17, 2018
Opinion Delivered November 1, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.