# NO. 12-20-00186-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THERESA LEE KAMKE,* *APPELLANT* | § | *APPEAL FROM THE 247TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *BRIAN KELLY KAMKE,* *APPELLEE* | § | *HARRIS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Theresa Lee Kamke challenges the trial court's divorce decree, which was based upon an arbitration award in favor of Appellee, Brian Kelly Kamke.[1] In four issues, Theresa argues that the arbitrator exceeded her authority and the trial court erred by confirming the arbitration award. We affirm the trial court's judgment.

## BACKGROUND

Theresa and Brian married in 1986. In 2015, they signed a "Partition or Exchange Agreement," in which they expressed their intention to make "what would otherwise be community property instead be separate property." Schedules attached to the Agreement listed the property that would, after execution of the Agreement, be each party's separate property. The Agreement also set forth certain liabilities and obligations that would be partitioned to the parties as their "sole and separate property liabilities[.]" When the parties signed the Agreement, Brian was president of HENEK Fluid Purity Systems, and Theresa was vice president. The Agreement contained an arbitration provision, which stated that "[t]he parties agree to submit to binding arbitration any dispute or controversy regarding the validity, interpretation, or enforceability of

---

[1] This case was transferred to this Court from the First Court of Appeals in Houston, Texas, pursuant to a docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

this agreement, as well as all issues involving its enforcement in connection with a dissolution proceeding between the parties." Additionally, the Agreement provided that the arbitrator's award would be binding and conclusive, and any court of competent jurisdiction could enter a judgment setting forth the arbitration award.

Paragraph 5.5 of the Agreement, entitled "HENEK Fluid Purity Systems," provides that "Husband and Wife agree that both Husband and Wife shall be guaranteed to receive equal pay and bonuses as both the President and Vice President of HENEK Fluid Purity Systems." Under paragraph 11.9 of the Agreement, each party agreed "to pay his or her own attorney's fees, costs, and other expenses on final hearing of any dissolution proceeding." Paragraph 20.8 of the Agreement, which also discusses attorney's fees, states as follows:

> If either party brings an action or other proceeding to enforce this agreement or to enforce any judgment, decree, or order made by a court in connection with this agreement, the prevailing party will be entitled to recover reasonable attorney's fees and other necessary costs from the other party. . . . If either party seeks to invalidate some or all of this agreement or seeks to recover property at variance with this agreement, the successful party will be entitled to recover reasonable attorney's fees and other necessary costs from the other party.

In 2017, Brian filed a petition for divorce, and Theresa filed a counterpetition for divorce. Brian asserted that the parties "have entered into a marital-property agreement defining their rights to some of their property, both community and separate[,]" and he requested that the trial court "enforce the agreement and divide the marital estate in accordance with its terms." After the parties signed an agreed order of referral to arbitration, the trial court referred the matter to arbitration. Before arbitration began, the parties stipulated that the Agreement "is a valid and enforceable agreement under Chapter 4 of the Texas Family Code."

After conducting a trial, the arbitrator, Angela Pence England, signed an amended award, in which she found that Theresa's lost salary claims against Brian "with regard[] to his position at Henek Fluid Purity Systems are claims against him in his capacity as an officer of the company, not a spouse[,]" and England denied the claims "[b]ecause Henek Fluid Purity Systems is not a party to this suit[.]" In addition, England denied both parties' claims for attorney's fees and expenses after concluding that the Agreement provides that each party would pay his or her own attorney's fees and expenses.

Brian filed a motion for entry of a final decree of divorce, in which he stated that England resolved all issues in the case. Theresa moved to vacate England's award, asserting that England

exceeded her authority by not enforcing what Theresa contended was Brian's unambiguous personal guarantee of her salary in the Agreement. Theresa also complained that England exceeded her authority by not awarding Theresa attorney's fees for enforcing Brian's alleged personal guarantee in the Agreement. On May 15, 2020, the trial court granted Brian's motion for entry of a final decree and signed a final decree of divorce, which confirmed the arbitrator's award and did not award Theresa lost salary or attorney's fees. This appeal followed.

## ARBITRATOR'S AUTHORITY

In issues one and two, Theresa argues that England exceeded her authority by (1) denying Theresa's claims against Brian after finding that her claims were against Brian in his capacity as an officer of HENEK Fluid Purity Systems rather than as a spouse, and (2) finding that Theresa was not entitled to attorney's fees. We address issues one and two together.

### Standard of Review and Applicable Law

An appellate court reviews a trial court's confirmation of an arbitration award de novo; however, our review of the underlying award is extremely deferential. *Dotcom Ltd. Co. v. DP Sols., Inc.*, No. 12-16-00340-CV, 2017 WL 3224887, at \*3 (Tex. App.—Tyler July 31, 2017, no pet.) (mem. op.) (citing *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002)). Judicial review of the arbitration process is limited, and even a mistake of law or fact by the arbitrator in applying substantive law is not a proper ground for vacating an award. *Cambridge Legacy Grp., Inc. v. Jain*, 407 S.W.3d 443, 447 (Tex. App.—Dallas 2013, pet. denied). We should indulge all reasonable presumptions in favor of the award and none against it. *Delgado*, 95 S.W.3d at 238.

Texas law strongly favors arbitration of disputes. *Prudential Secs., Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995). The arbitrator's powers are derived from the parties' agreement to submit to arbitration. *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 90 (Tex. 2011). Therefore, we look to the agreement to determine whether the arbitrator had authority to decide the issue. *See id.*; *D.R. Horton-Texas, Ltd. v. Bernhard*, 423 S.W.3d 532, 534 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). An arbitrator exceeds her authority when she disregards the contract and dispenses her own idea of justice. *Bernhard*, 423 S.W.3d at 534. However, an arbitrator does not exceed her authority merely because she may have misinterpreted the contract or misapplied the law. *Id.* "[A]n arbitrator does not exceed her authority by committing a mistake of law, but instead by deciding a matter not properly before her." *Id.* (quoting *LeFoumba v. Legend Classic Homes*,

*Ltd.*, No. 14-08-00243-CV, 2009 WL 3109875, at *3 (Tex. App.—Houston [14th Dist.] Sept. 17, 2009, no pet.) (mem. op.)). The proper inquiry is not whether the arbitrator correctly decided an issue, but whether the arbitrator had authority to decide the issue at all. *Id*.; *Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 431 (Tex. 2017). An arbitrator does not exceed her authority when the matter she addresses is one that the parties agreed to arbitrate. *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 686 (Tex. App.—Dallas 2010, pet. denied). "[A] complaint that the arbitrator decided the issue incorrectly or made a mistake of law is not a complaint that the arbitrator exceeded [her] powers." *Id*. Thus, "a mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award." *Id*. at 683. We resolve any doubts regarding the scope of what is arbitrable in favor of arbitration. *Id*. at 684.

**Analysis**

As discussed above, the Agreement provided that the parties would submit to binding arbitration "any dispute or controversy regarding the validity, interpretation, or enforceability of this agreement, as well as all issues involving its enforcement in connection with a dissolution proceeding between the parties." In addition, the Agreement provided that the arbitrator's award would be binding and conclusive.

England reviewed and referenced the pertinent provisions of the Agreement in reaching her conclusions. *See id*. We do not pass judgment on whether England correctly decided the matter under the law and facts of this case, but interpretation of the Agreement was clearly submitted to arbitration, and the Agreement also provided that each party would pay his or her attorney's fees in a dissolution proceeding. *See Bernhard*, 423 S.W.3d at 535. Because the Agreement authorizes the arbitrator to interpret the Agreement, we conclude that disputes about the proper construction of the Agreement's salary guarantee provision and its provisions regarding attorney's fees are issues that the parties agreed to arbitrate. *See Centex/Vestal*, 314 S.W.3d at 683-84. Consequently, we hold that England did not exceed her authority by construing the guarantee in the Agreement as having been made by the parties as corporate officers rather than as spouses, concluding that the agreement required the parties to pay their own attorney's fees, and denying Theresa's claims for salary and attorney's fees. *See Bernhard*, 523 S.W.3d at 534; *Centex/Vestal*, 314 S.W.3d at 684, 686. Accordingly, we overrule issues one and two.

4

In issue three, Theresa argues that the trial court erred by confirming England's award because England allegedly exceeded her authority by ignoring the Agreement's language concerning guaranteeing the parties' salaries. In issue four, Theresa contends the trial court erred by confirming England's award because England ignored the language of paragraph 20.8 of the Agreement in denying Theresa's request for attorney's fees. We address issues three and four together.

**Standard of Review and Applicable Law**

We review a trial court's decision to confirm an arbitration award de novo. **Bernhard**, 423 S.W.3d at 534. The parties agree that the Texas Arbitration Act ("TAA") governs this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001-.098 (West 2019). Under the TAA, "[u]nless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, *shall* confirm the award." **Id**. § 171.087 (emphasis added). In addition, the Texas Family Code requires the trial court to render an order reflecting the arbitrator's award if the parties agree to binding arbitration. TEX. FAM. CODE ANN. § 6.601 (West 2020). If the arbitrator exceeded her powers, the TAA requires the trial court to vacate the award. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A); **Bernhard**, 423 S.W.3d at 534.

**Analysis**

Theresa's only argument for vacating the award centers on her contention that England exceeded her authority. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A). As explained in our analysis of issues one and two above, we conclude that England did not exceed her authority. Rather, England decided matters that were arbitrable pursuant to the terms of the Agreement. Because proper grounds for vacating the award were not presented to the trial court, the trial court was required to confirm the award. *See id*. § 171.087.

In a portion of her brief to this Court regarding issues three and four, Theresa asserts that promissory estoppel prohibits Brian from "denying his guarantee" to her because Brian accepted the benefits of the Agreement. The appellate record does not demonstrate that Theresa raised her claim of promissory estoppel in the trial court. *See* TEX. R. APP. P. 33.1(a). However, even if Theresa had raised her argument regarding promissory estoppel below, "[p]romissory estoppel is not applicable to a promise covered by a valid contract between the parties." **Trevino & Assocs. Mech., L.P. v. Frost Nat'l Bank**, 400 S.W.3d 139, 146 (Tex. App.—Dallas 2013, no pet.). Rather,

a cause of action for promissory estoppel is available to a party who detrimentally relied on an otherwise unenforceable promise, and it is an alternative to a claim for breach of contract. *Id*.; ***Frost Crushed Stone Co. v. Odell Geer Constr. Co.,*** 110 S.W.3d 41, 44 (Tex. App.—Waco 2002, no pet.). As mentioned above, before arbitration began, the parties stipulated that the Agreement was valid and enforceable, and Theresa does not argue on appeal that the agreement is invalid or unenforceable. We conclude that because the Agreement constituted a valid, enforceable contract between the parties, promissory estoppel does not apply in this case. *See **Trevino & Assocs. Mech.,*** 400 S.W.3d at 146; ***Frost Crushed Stone Co.***, 110 S.W.3d at 44.

For all these reasons, the trial court did not err by confirming the award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.087. Accordingly, we overrule issues three and four.

## DISPOSITION

Having overruled each of Theresa's four issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 17, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2021**

**NO. 12-20-00186-CV**

**THERESA LEE KAMKE,**
Appellant
V.
**BRIAN KELLY KAMKE,**
Appellee

Appeal from the 247th District Court

of Harris County, Texas (Tr.Ct.No. 2017-38666)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellant, **THERESA LEE KAMKE**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*