**Affirmed and Memorandum Opinion filed December 5, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00193-CV

## ALI CHOUDHRI AND MEMORIAL PARK, LLC, Appellants

## V.

## STACY ALAN SMITH, Appellee

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2017-52041**

## MEMORANDUM OPINION

Appellants Ali Choudhri ("Choudhri") and Memorial Park, LLC filed suit against appellee Stacy Alan Smith ("Smith") after a failed business agreement to acquire and develop a parcel of real estate. During the litigation, the parties submitted their dispute to binding arbitration in which Smith prevailed and was awarded $191,408.62 in attorney's fees, costs, and other fees. The trial court entered a final judgment that adopted and confirmed the arbitration award. Choudhri and Memorial Park, LLC appeal in five issues. We affirm.

# I.    BACKGROUND

Choudhri and Smith were the members of Memorial Park, LLC, which they formed to acquire and develop a specific parcel of property. Choudhri held an earnest money contract to purchase this property, using a another company that he owned or controlled as the buyer. Although purchase of the property was scheduled to close on August 7, 2013, Choudhri and Smith were still negotiating their ownership interest in and capital contributions for Memorial Park, LLC the day before closing.

On August 7, Smith and Choudhri finalized the terms of a "Company Agreement" for Memorial Park, LLC, under which Choudhri agreed to make a capital contribution of (a) the earnest money contract for the property, (b) $1,000.00, and (c) his services, in exchange for a 70% interest in Memorial Park, LLC. For the remaining 30% interest in Memorial Park, LLC, Smith's capital contribution was to consist of (a) payment of $975,000.00 on August 7, 2013, and (b) an additional payment of $225,000.00 to Choudhri by August 31, 2013, secured by "a 3% (three) interest collateral in 2425 West Loop, LP"— a third company owned or controlled by Choudhri—until Smith's total $1,200,000.00 in capital contribution for Memorial Park, LLC had been recouped.

When the two men met in the lobby of the title company on August 7, 2013, before closing, their deal fell apart. Per the interim arbitration award, Smith arrived at the title company with a cashier's check in the amount of $975,000.00, but documentation had not been prepared to effect his 3% collateral interest in Choudhri's 2425 West Loop, LP. Choudhri remembered their lobby meeting differently, stating that Smith wanted to increase his 3% collateral interest to 5% and to hold a controlling interest in Memorial Park, LLC. Regardless, Choudhri left the lobby, the sale of the property did not close, and the seller terminated the

earnest money contract and returned the earnest money.

The Company Agreement that both men executed, ratified, confirmed, and approved, and to which they "assume[d] and agree[d] to be bound by and perform all of the terms and provisions," includes a provision for binding arbitration of disputes. After Choudhri and Memorial Park, LLC sued Smith,[1] the trial court ordered an agreed abatement of the litigation in August 2018 while they submitted their dispute to binding arbitration. In October 2022, an arbitrator issued an arbitration award concluding that (1) Choudhri and Memorial Park, LLC had not met their burden of proof on their claims against Smith and (2) Smith was the prevailing party under the arbitration agreement and was entitled to recover all costs, expenses, and reasonable attorney's fees. The arbitrator awarded Smith $191,408.62 in attorney's fees, arbitration fees, expert fees, and expenses against Choudhri and Memorial Park, LLC, jointly and severally.[2]

In December 2022, Smith filed a motion in the trial court for judgment on the arbitration award, which Choudhri and Memorial Park, LLC opposed. The trial court adopted and confirmed the arbitrator's award and entered final judgment in Smith's favor. This appeal ensued.

## II.   ISSUES ONE & TWO

In their first and second issues, appellants contend that the arbitrator exceeded his authority in entering an award against Choudhri in his individual capacity, and the trial court erred in failing to vacate the arbitrator's award,

---

[1] Choudhri was the sole plaintiff in the August 4, 2017, original petition. Memorial Park, LLC was added as a plaintiff in the first amended petition, and Choudhri's name was dropped as a plaintiff in subsequent amended petitions.

[2] In the event Choudhri and Memorial Park, LLC did not pay the costs and fees within thirty days, the arbitrator awarded additional fees for finalization of the award and enforcement in the trial court, for appeal to this court, for appeal to the Supreme Court of Texas, and for post-judgment collection costs.

because Choudhri did not individually sign the arbitration agreement or agree to arbitrate. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(3)(A), (a)(4) (setting forth grounds for trial court to vacate an arbitration award).

We review de novo a trial court's decision to confirm or vacate an arbitration award under the FAA or the TAA based on a review of the entire record. *Denbury Onshore, LLC v. TexCal Energy S. Tex., L.P.*, 513 S.W.3d 511, 515 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Port Arthur Steam Energy LP v. Oxbow Calcining LLC*, 416 S.W.3d 708, 713 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Texas law favors arbitration and thus our review of arbitration awards is very narrow. *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016). An arbitration award is given the same effect as a judgment of a court of last resort, all reasonable presumptions are indulged in favor of the award, and the trial court "shall" confirm the award "[u]nless grounds are offered for vacating, modifying, or correcting an [arbitration] award." Tex. Civ. Prac. & Rem. Code Ann. § 171.087; *see Hoskins*, 497 S.W.3d at 494–95 (noting that "[t]he statutory text could not be plainer" and that "unless a statutory vacatur ground is offered [to the trial court], the court shall confirm the award"); *Denbury*, 513 S.W.3d at 515. The party seeking to vacate the arbitration award bears the burden of presenting a complete record establishing grounds for doing so. *See Denbury*, 513 S.W.3d at 515.

Choudhri argues that his "name is missing and he did not sign" the arbitration agreement. He argues that the arbitrator thus disregarded the contract and dispensed his own idea of justice. *See D.R. Horton-Tex., Ltd. v. Bernhard*, 423 S.W.3d 532, 534 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). ("[A]n arbitrator exceeds his authority when he disregards the contract and dispenses his own idea of justice."). Choudhri's argument refers to an amendment made during

litigation to the Company Agreement's arbitration provisions. Primarily, the amendment names an agreed arbitrator instead of the American Arbitration Association.[3] Choudhri signed this amendment as president of Memorial Park, LLC and its corporate manager. Despite this, the arbitrator found in his award that Choudri had appeared, individually, throughout the arbitration.[4]

Smith contends that Choudhri did not raise his first and second issues in the trial court and thus has waived them on appeal. We agree. In the trial court, Choudhri (1) opposed pre- and post-judgment interest on the arbitration award; (2) argued that Smith was not the prevailing party; (3) argued that attorney's fees and costs attributable to Choudhri, individually, had not been properly segregated; and (4) asserted confidentiality provisions about the amount of the arbitration award. Choudhri did not present issues one and two to the trial court. Therefore, we conclude that Choudhri did not preserve these arguments for our review. *See* Tex. R. App. P. 33.1; *Ewing v. ACT Catastrophe-Tex. L.C.*, 375 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). We overrule issues one and two.

### III.   ISSUE THREE

In their third issue, appellants argue that the arbitrator exceeded his authority in awarding costs and fees because (1) Smith was not a prevailing party under § 38.001 of the Texas Civil Practice and Remedies Code; (2) no legal or equitable grounds exist under which the arbitrator could award expert's fees and arbitration fees; and (3) confirmation of an arbitration award in the trial court is part and

---

[3] Left unchanged by the amendment was the arbitrator's authority to interpret and apply the terms and conditions of the Company Agreement, including awarding costs and fees to the prevailing party.

[4] The arbitrator stated that "Choudhri appeared as a party to related underlying litigation and was a moving party asking the court to refer this dispute to arbitration. Choudhri also participated individually as a party throughout this arbitration."

parcel of the process and thus there is no basis to award contingent attorney's fees for "finalization of award and enforcement in the trial court."

Choudhri did not raise subissues (2) and (3) in the trial court and has thus waived them on appeal. *See* Tex. R. App. P. 33.1; *Ewing*, 375 S.W.3d at 549.

As to subissue (1), whether the arbitrator incorrectly determined that Smith was the prevailing party, Choudhri argues that amended paragraph H of the arbitration agreement limits the arbitrator's authority to award attorney's fees. In particular, amended paragraph H provides: "The arbitrator may, *to the extent permitted by applicable law*, award recovery of all costs and fees (including attorneys' fees, expert witness fees, administrative fees, and arbitrator feels) to the party prevailing in the arbitration. . . ." (emphasis added).[5] Based on the phrase, "to the extent permitted by applicable law," Choudhri argues that well-established Texas law precludes an award of attorney's fees for a party's successful defense against a breach of contract claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (b)(8); *Cytogenix, Inc. v. Waldroff*, 213 S.W.3d 490–91 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Because Smith merely defended a breach of contract claim in arbitration, Choudhri argues that the arbitrator exceeded his authority in awarding attorney's fees to Smith.

Choudhri's argument is akin to *Forest Oil Corp. v. El Rucio Land & Cattle Co.*, in which the appellant argued that an arbitration panel exceeded its authority by awarding damages not permitted by Texas law. *See Forest Oil Corp. v. El Rucio*

---

[5] We note that the arbitrator's award states it is explicitly based on a different paragraph of the amended arbitration agreement:

> D.     The party who prevails or substantially prevails in this arbitration shall be entitled to recover from the other party or parties all costs, expenses, and reasonable attorneys' fees in connection with this arbitration and any court proceedings that may subsequently arise out of this arbitration, including any proceedings in the court of appeals.

6

*Land & Cattle Co.*, 518 S.W.3d 422, 431 (Tex. 2017). In *Forest Oil*, the Supreme Court stated that "[i]n determining whether an arbitrator has exceed his authority, the proper inquiry is not whether the arbitrator decided an issue correctly, but rather, whether he had the authority to decide the issue at all." *Id.* In other words, "[w]e do not pass judgment on whether an arbitrator correctly awarded attorney's fees under the law, but instead whether the issue of attorney's fees was properly before him." *5177 Builders, Ltd. v. K&G Estates, LLC*, No. 14-20-00853-CV, 2022 WL 4243855, at *1 (Tex. App.—Houston [14th Dist.] Sept. 15, 2022, no pet.) (mem. op.).

The arbitration agreement, both as originally written and as amended, specifically authorizes the arbitrator to award attorney's fees. Because of our limited review of the award, we do not analyze whether it awarded attorney's fees to Smith correctly under the law. *See id*. at *3; see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) ("Judicial review of [an arbitration] decision pursuant to such an agreement is very limited. Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement."); *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."); *Bernhard*, 423 S.W.3d at 535 ("We pass no judgment on whether the arbitrator made a correct decision under the law and facts of this case. But the issue of attorney's fees was clearly submitted to the arbitrator, and the arbitrator consulted the contractual provisions and statutes regarding attorney's fees when reaching his conclusion."). An arbitrator does not exceed his authority simply because he may have misinterpreted

a contract or misapplied the law. *Bernhard*, 423 S.W.3d at 534.

We thus overrule issue three.

## IV. ISSUES FOUR & FIVE

In their fourth and fifth issues, appellants argue that the trial court should have vacated the award of costs and fees because (1) there were no fees and costs attributable to Choudhri after Memorial Park, LLC "replaced him as plaintiff five years before the [a]rbitrator's award"; (2) Smith could not be a prevailing party against Choudhri because Choudhri did not assert a claim for five years; (3) the Texas Rules of Civil Procedure do not provide a means for Smith to obtain a judgment against a non-party; and (4) the attorney fees awarded were not segregated between Memorial Park, LLC and Choudhri.

The arbitrator's award specifically states that Choudhri "participated individually as a party throughout this arbitration." The arbitration award further states that the arbitrator considered three days of oral testimony, numerous text messages, and other exhibits in reaching his decision. As the party seeking to vacate the arbitration award, Choudhri had the burden in the trial court to bring forth a complete record establishing a basis to vacate the award. *See Statewide Modeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.). This court and the trial court are unable to review the arbitrator's conclusion that Choudhri participated as a party in the arbitration without the record from the arbitration. *See id*. When there is no transcript of the arbitration hearing, the appellate court will presume the evidence was adequate to support the award. *Id* at 568. We overrule subissues (1) through (3).

Further, the arbitration award states that Smith submitted his attorney's affidavit, a post-submission brief, and statements of the fees and expenses he

incurred. The arbitrator concluded in the award that Smith properly applied the *Lodestar* method to demonstrate the reasonableness and necessity of the fees and expenses. The arbitrator also concluded that the various claims arose from a common nucleus of operative facts making it "impossible to segregate the Defendant's fee submission in any more detail tha[n] was actually presented." Because there is no record from the arbitration as to the award of attorney's fees, we presume the arbitrator properly awarded them. We overrule issues four and five.

## V. CONCLUSION

Having overruled all of appellants' issues, we affirm the trial court's judgment.

/s/ Margaret "Meg" Poissant
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.